417 A.2d 152

**In re ESTATE of Matthew Frank McMULLIN, Deceased, Trust for Leona Minetta McMullin, Deceased.**

Supreme Court of Pennsylvania.

Argued March 4, 1980.

Decided July 3, 1980.

Reargument Denied Aug. 15, 1980.

David K. McMullin, Pittsburgh, for appellant.

John G. Kish, Pittsburgh, for Pittsburgh National Bank, Testamentary Trustee.

Fory L. Musser, III, Pittsburgh, for Estate of Matthew Frank McMullin.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

504

ROBERTS, Justice.

On this appeal, we are asked to determine whether a general testamentary power of appointment over a trust created by a Pennsylvania donor was validly exercised by the donee of the power, an Iowa domiciliary. The donee's will was probated in Iowa, where an Iowa probate court held that the power of appointment was validly exercised. We agree with the Orphans' Court Division of the Court of Common Pleas of Allegheny County that this determination of the Iowa court may not be relitigated in or disturbed by a Pennsylvania court. Accordingly, we affirm the decree of the orphans' court.

Matthew Frank McMullin died on September 8, 1965, a domiciliary of Pennsylvania. By Paragraph Fifth of his will dated March 4, 1958, Matthew McMullin created a trust in favor of his wife Leona Minetta McMullin, giving her the trust income for life plus the power to invade the principal.* By the same paragraph, Matthew McMullin gave Leona McMullin a general testamentary power of appointment over the principal of the trust:

* "*Fifth*: If my wife, Leona Minetta McMullin, survives me, I give, devise and bequeath to the Trustee hereinafter named, IN TRUST, the aforesaid PART ONE to be held, managed and administered by the Trustee as a separate trust estate for the uses and purposes and upon the terms and conditions hereinafter set forth.

(1) The Trustee shall collect and receive the income arising from the trust estate and after deducting all necessary expenses properly chargeable to income, shall pay the net amount thereof to my wife, Leona Minetta McMullin, in convenient installments each year for and during the term of her life.

(2) The Trustee is authorized, in its discretion, to advance to or expend for the benefit of my wife, at any time or from time to time, such part of the principal of the trust estate, as it may deem necessary or advisable for her comfortable support and maintenance. It is my desire and intention that the wishes of my wife shall be given full recognition with respect to the need or advisability or desirability of advances or expenditures of principal."

In Paragraph Fourth of his will, Matthew McMullin divided the residue of his estate into two equal parts. "PART ONE," referred to in Paragraph Fifth of his will, supra, and in Paragraph Three of Leona McMullin's will, consists of property qualifying for the marital deduction.

"(3) Upon the death of my wife, the Trustee shall transfer and distribute, free and clear of all trusts, the principal of the trust estate then in its hands to and among such persons, and in such proportions and in such manner, as my wife, by her Last Will and Testament, shall appoint and designate. I intend that the power of appointment which I hereby confer upon my wife shall be a general power of appointment and that it may be exercised by her, if she sees fit, in favor of her estate. No exercise of said power shall be valid or effective unless the exercise makes specific references to this Will and to the power herein granted."

Matthew McMullin's will further provided:

"(4) In the event that my wife shall not exercise the aforesaid power of appointment, or if she shall not validly appoint all of the principal of the trust estate, or any part thereof, then the principal of the trust estate or that part thereof not validly appointed, as the case may be, shall upon her death be transferred and delivered to my nephews and nieces, being the children of my deceased sisters, Mrs. Jennie B. Wilson and Mrs. Margaret M. Virden, and of my deceased brother, William K. McMullin. My nephews and nieces shall each receive an equal share. . . ."

Matthew McMullin named Pittsburgh National Bank as trustee of the trust outlined in Paragraph Fifth of his will, and as co-executor with his wife, Leona McMullin. His will was probated in Allegheny County on September 13, 1965.

Sometime thereafter Leona McMullin moved to Iowa, where she resided until her death on September 1, 1978. By Paragraph Three of her will dated July 2, 1975, she specifically referred to the power of appointment over the trust granted to her in her husband's will, and expressly exercised that power in favor of her own estate:

"Under the Will of my deceased husband, Matthew Frank McMullin, which is dated March 4, 1958, and probated September 13, 1965 in the Office of the Register of Wills of Allegheny County, Pennsylvania, I acquired a general

> power of appointment over a certain portion of his residuary estate designated as "PART ONE" in his Will, the assets thereof being now in the hands of Pittsburgh National Bank, successor to Fidelity Trust Company, as Trustee under said Will. I hereby declare that I intend to exercise in full said general power of appointment, and I do hereby exercise such power of appointment by appointing all of the principal of said trust estate designated as PART ONE remaining in the hands of the Pittsburgh National Bank, Trustee, upon my death, free and clear of all trusts, to my Executor, hereby blending the same with my own assets for distribution as one fund in the manner hereinafter provided."

Paragraph Four of her will provided for specific pecuniary bequests, and Paragraph Five disposed of the residue of her estate as follows:

> "I give, devise and bequeath all of the rest, residue and remainder of my estate, both real and personal and mixed and wherever situated as follows: one-half to my sister, Freda Reuvers Synhorst, for and during her natural life, a life estate; one-eighth to my brother Ancel Reuvers, for and during his natural life, a life estate; and if said life tenants shall predecease me the share of that predeceased life tenant shall go in equal shares, share and share alike, to John P. Synhorst, Betty Synhorst Pittman and June Synhorst Taylor; and the remainder after the life estates shall go to these same three beneficiaries in equal shares."

The will of Leona McMullin was admitted to probate in Jasper County, Iowa on September 7, 1978. On March 5, 1979, the executor of Leona McMullin's estate, in Iowa, filed a petition for construction of her will. In the petition the executor sought a judicial determination as to the validity and effectiveness of her exercise of the power of appointment. The Iowa District Court for Jasper County ordered that notice of the proceedings on the petition for construction be given to those persons designated in Paragraph Fifth (4) of Matthew McMullin's will to take in the event the power of appointment was not validly exercised. Those

parties, appellants here, neither appeared nor filed objections. On March 27, 1979, the petition for construction was approved by the Iowa court, holding that the power was fully and validly exercised.

Pittsburgh National Bank filed an account and petition for distribution in the orphans' court in Allegheny County, proposing to deliver the assets of the trust to the executor of Leona McMullin's estate in accordance with the Iowa court's determination that the power was validly exercised. Objections were filed by appellants Ottomer McMullin, Hazel Burnett, Charlotta Platt and Joy McMullin Jones, takers under the will of Matthew McMullin in default of the exercise of the power by Leona McMullin. After a hearing, the claims of appellants were denied by a decree dated July 12, 1979. Exceptions to the decree were filed, and the matter argued before the court en banc. These exceptions were dismissed on September 25, 1979 and this appeal followed.

Appellants first contend that the Pennsylvania orphans' court erred in deferring to the Iowa court's determination that the power was validly exercised. In appellants' view, the Pennsylvania orphans' court was obliged to make an "independent investigation" as to whether there was a valid exercise of the power by the donee, Leona McMullin.

We disagree. In ascertaining whether a power of appointment has been validly exercised, we are guided by the intent of the donor of the power. This is because the interest passing through exercise of the power is viewed as having passed from the donor directly to the appointees. *Windolph Trust*, 374 Pa. 81, 97 A.2d 67 (1953); *Barton Trust*, 348 Pa. 279, 35 A.2d 266 (1944). Here, the donor directed that the donee transfer the principal of the trust "by her Last Will and Testament." The only condition imposed by the donor on the exercise of the power by donee was "specific references to this Will and to the power herein granted." There is no indication that the donor intended that the validity of the donee's "Last Will and Testament" be determined by a Pennsylvania court or by any particular

court. Absent any express restriction on the donee, it is reasonable to presume that the donor intended the power to be exercised by a document determined to be the valid last will and testament of the donee according to the law of the state where the will is duly probated. For it is the law of the donee-testator's domicile which governs the validity of the will.

Under 20 Pa.C.S. § 2504.1,

"[a] will is validly executed if executed in compliance with section 2502 (relating to form and execution of a will), or in compliance with the law of the jurisdiction where the testator was domiciled at the time of the execution of the will or at the time of his death."

Act of June 30, 1972, P.L. 508, § 2504.1 (Supp.1979–80); see also 28 U.S.C.A. § 1738 (full faith and credit accorded to properly authenticated foreign records). Here, there is no question that in the proceeding on the petition to construe Leona McMullin's will, the validity of her will was properly adjudicated in Iowa, her domicile. As previously indicated, although appellants were given notice of the petition to construe the will, they chose not to appear or interpose any objection at the appropriate time in the Iowa proceeding. Thus, the Pennsylvania orphans' court correctly determined that the Iowa court's ruling that the power was validly exercised must not be disturbed.

Appellants contend also that assuming the validity of the exercise of the power, Leona McMullin did not fully and effectively exercise that power. According to appellants, the residuary clause of Leona McMullin's will disposed of only five-eights of her estate, and since the appointed assets were blended with her estate, three-eights of those assets must pass to appellants.

 Appellants' claim that the power was only exercised as to three-eights of the assets must be rejected. Questions involving the interpretation of the exercise of a power of appointment are always ascertained by reference to the donee-testator's intent. *Windolph Trust,* supra; *Hupp v. Union Coal & Coke Co.,* 284 Pa. 529, 131 A. 364 (1925).

Here, the Iowa court found that the language of Paragraph Three of donee's will unquestionably expressed her intention to fully exercise the power. The law of the donee-testator's domicile determines the proper distribution of the donee's estate, and the Iowa court found no intestacy in Leona McMullin's estate.

Once it is determined that the donee validly and effectively exercised the power over the entire trust principal in favor of her estate, then appellants are precluded, by the donor's direction, from sharing in the trust assets. The orphans' court correctly accorded full weight and comity to the Iowa court's determination that the donee, by her last will and testament, validly and effectively exercised the power. Relitigating this same issue in Pennsylvania would advance no jurisprudential interest, and would be an abdication of our courts' responsibility to administer trusts "in a just, speedy, and inexpensive fashion." *Coleman Estate*, 456 Pa. 163, 167, 317 A.2d 631, 633 (1974). See also *United States v. Keller*, 624 F.2d 1154 (3d Cir. 1980). Accordingly, we find no basis for disturbing the orphans' court decree directing distribution of the trust assets to donee Leona McMullin's executor.

Decree affirmed. Each party to pay own costs.