## Windolph Trust.

82

Argued November 11, 1952; reargued April 22, 1953. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

Appeal, No. 172, 

*Joseph J. Tunney,* for appellant.

*Russell Conwell Cooney, Henry S. Drinker* and *Boyd Lee Spahr,* with them *Walter B. Gibbons, Emanuel Friedman, C. J. Hepburn, Jr., John Ross, Henry W. Koons, Maurice Heckscher, Irving N. Kieff, E. G. Fielder, Jr., John E. Krout,* and *Norris, Lex, Hart & Eldredge,* for appellees.

OPINION BY MR. JUSTICE BELL, May 27, 1953:

Annie Windolph, a resident of Philadelphia, executed a Deed of Trust dated July 16, *1909,* which was attested by two disinterested witnesses. After giving the income for life to certain named beneficiaries and after their death to Zachary Taylor Shafer (her brother), she provided: ". . . and one share [of the corpus]

to such educational or other eleemosynary institution or charity as the survivor of the said George W. Shafer and Zachary Taylor Shafer shall have by his last will specifically appointed. Provided, . . . that nothing in his said will contained shall be construed as the exercise by him of the said right or power except a specific direction by him therein, to that effect."

Elizabeth Gravell, the mother of Annie Windolph, was appointed trustee. She died September 3, 1911, and on September 19, 1911, the Girard Trust Company was appointed as her successor. Annie Windolph died September 28, 1911.

Elizabeth Gravell created a Deed of Trust dated April 7, 1908, in which she gave Zachary Taylor Shafer a portion of the income for life and appointed the Girard Trust Company trustee. Zachary Taylor *Shafer was given no power of appointment under this trust.*

Zachary Taylor Shafer died on October 27, 1945, domiciled in California. He left a last Will dated March 22, 1938 in which he bequeathed his residuary estate to his daughter but failed to exercise the power of appointment. The following paper was admitted to probate in Philadelphia as a codicil to his Will:

"October 14, 1944

"I appoint the John Brown University, Siloam Springs, Arkansas, as the educational institution to receive the money left to such an institution under the Elizabeth Gravell Deed of Trust. (Signed Zachary Taylor Shafer.

"Subscribed and sworn to before me this October 14, 1944.

(SEAL) Orville Satterfield

"Notary Public in and for the County of Los Angeles, State of California. My Commission Expires October 5, 1946."

All parties agree that the codicil could not be probated as a will in California because it has only one witness. This is unimportant since "the exercise and interpretation of a power of appointment created by a donor who was domiciled in Pennsylvania is governed by the law of Pennsylvania: Barton Trust, 348 Pa. 279, 35 A. 2d 266; Restatement, Conflict of Law, §285"; O'Reilly Estate, 371 Pa. 349, 352, 89 A. 2d 513.

In Barton Trust, 348 Pa. 279, 35 A. 2d 266, Mr. Justice (now Chief Justice) STERN, speaking for the Court, said (pp. 281-282): "In executing a power of appointment the donee disposes of the estate as that of the donor,* the appointment being referred back to the instrument which created the power as if it had been actually embodied therein, and it is no doubt because of this principle that it has been uniformly held that the proper and effective exercise of a power of appointment is, in the case of personalty, controlled by the law of the donor's domicile at the time of the creation of the trust: . . . ."

For a third of a century, Shafer had been receiving income (a) from the Girard Trust Company, trustee under the above mentioned Deed of Trust of his sister, Annie Windolph, as well as (b) from the Girard Trust Company, trustee under the Deed of Trust of Elizabeth Gravell, his mother. Three questions arise: (1) Was the testamentary paper dated October 14, 1944 and probated as a codicil although not denominated as such, a last will as required by the Annie Windolph Deed of Trust; (2) Was it a *specific* execution of the power of appointment given to Shafer under the Annie Windolph Deed of

---

* See to the same effect: Huddy's Estate, 236 Pa. 276, 84 A. 909; Com. v. Davis' Estate, 345 Pa. 284, 26 A. 2d 915; Stannert's Estate, 339 Pa. 439, 15 A. 2d 360; Anderson Estate, 373 Pa. 294, 299, 95 A. 2d 674.

Trust; and (3) Did it have to be witnessed by two witnesses, which was the requirement of the law* and the test of validity at the time of the creation of the power of appointment in 1909, or did that Deed of Trust authorize a specific appointment (by the surviving life tenant) under a last will which was valid at the time of the life tenant's death, when the requirement of two witnesses to validate a charitable gift had been repealed.**

There is no doubt that the power of appointment given to Shafer (as survivor) in and by the Annie Windolph Deed of Trust was a special or limited power of appointment as distinguished from a general power of appointment; and any appointment to be valid had to be exercised in conformity with the specific requirements prescribed in and by that Deed of Trust, namely, to such educational or other eleemosynary institution or charity as the survivor shall have *by his last will specifically* appointed. The requirement of a specific appointment was not loosely used—it was several times repeated in the Annie Windolph Deed of Trust. Therefore, unless Zachary Taylor Shafer specifically appointed the share in question and did so in conformity with the requirements of that Deed, the appointment cannot take effect. As this Court said in *Wickersham v. Savage,* 58 Pa. 365, 370: "The power was special: Horwitz v. Norris, 13 Wright 213, and to be strictly executed; if otherwise executed its execution amounted to nothing. . . ."

The rule is well settled in Pennsylvania that in order to validly and effectively exercise a special or limited power of appointment, the appointing instrument must refer to the power which it seeks to execute or

---

* Act of April 26, 1855, P. L. 328, Sec. 11.
** Act of July 2, 1935, P. L. 573.

must dispose of the subject of the power specifically or by a description or reference which clearly identifies it. An exception has been grafted upon and become a part of the rule, namely, where the instrument of execution would have no operation except as an execution of the power, and there is neither equivocation or uncertainty with respect to the intention to execute it or the property to which it refers, the appointment will be effective. In *Hupp v. Union Coal & Coke Co.*, 284 Pa. 529, 534, 131 A. 364, the Court, in discussing a power of sale and a deed given pursuant thereto, said: "Whether the power has been executed, is a matter of the donee's intention, that is the true test. It may appear by express terms, recitals or necessary implication. It was early held that the intention to execute the power must be so clearly manifested in the act of execution that it is impossible to impute any other (Andrews v. Emmot, 2 Bro. C. C. 297, 29 Repr. 162; Doe D. Nowell v. Roake, 2 Bing. 497, 130 Repr. 398, reversed, 5 B. & C. 721, 108 Repr. 268, which was affirmed 6 Bing. 475, 130 Repr. 1364), and this intention should appear in the instrument: Bingham's App., 64 Pa. 345, 349. A classification was then made whereby the intention to execute was said to be clearly manifested: (1) By a reference to the power in the executing instrument. (2) By a reference to the property on which the power was to operate. (3) Where the instrument of execution would have no operation except as an execution of the power: Wetherill v. Wetherill, 18 Pa. 265, 271; Bingham's App., supra, 349. Such intent is not to be presumed from the mere grant of a larger estate, though that circumstance, coupled with others will be sufficient upon which to base a presumption of its exercise; nor should positive legal presumptions judicially arise on equivocal or uncertain conditions of fact: Bingham's App., supra."

In determining whether a power of appointment was validly exercised and if so, its meaning, the Courts seek to ascertain the intent of the donee and this must be ascertained in precisely the same manner as a testator's intent is discovered in a will: *Lewis Estate,* 349 Pa. 571, 37 A. 2d 482. This intent is ascertained and determined only from the meaning of the words used and not from what a Court or an advocate thinks the donee meant to say what he likely would have said if he had known the existing circumstances; the test is: What is the meaning of his words in the light of all the surrounding circumstances: *Britt Estate,* 369 Pa. 450, 87 A. 2d 243; *Carmany Estate,* 357 Pa. 296, 301, 53 A. 2d 731; *Conner's Estate,* 346 Pa. 271, 29 A. 2d 514; *Leopold Estate,* 356 Pa. 543, 52 A. 2d 458; *Ludwick's Estate,* 269 Pa. 365, 112 A. 543.

With these principles to guide us, we shall further examine, analyze and consider the so-called codicil of 1944 and the surrounding circumstances. For 33 years Shafer had been receiving income (a) from the Girard Trust Company, trustee of the Annie Windolph Trust, and (b) from the Girard Trust Company, trustee under the Elizabeth Gravell Deed of Trust. Shafer had a power of appointment under the Annie Windolph Deed but none under the Elizabeth Gravell Deed. It is nothing but a guess or conjecture whether Shafer thought he had a power of appointment under the Elizabeth Gravell Deed of Trust and was attempting, as he specifically and clearly said, to exercise such power; or whether, contrary to what he said, he was attempting to exercise the power under the Annie Windolph Trust. The record does not disclose the amount of principal of the Gravell Trust. For all anyone knows, Shafer may have had no intention of giving the Annie Windolph trust principal to John Brown University—certainly there is no specific reference thereto and certainly

there is no specific exercise by Shafer of the power of appointment which he possessed under that Deed. In other words, it is impossible to do anything but conjecture and guess as to whether Shafer intended, although mistakenly, to appoint the corpus of the Elizabeth Gravell trust to John Brown University, which he specifically said he did, or whether he intended to appoint the Annie Windolph trust corpus to John Brown University, although he never said so. In such a situation we are compelled to hold that there was no specific exercise by Shafer of the power of appointment given him in and by the Annie Windolph Deed of Trust.

For these reasons it is unnecessary to decide whether the paper of October 14, 1944, was Shafer's last Will within the meaning of the Annie Windolph Deed of Trust; nor is it necessary to decide whether that Deed of Trust required the appointment to charity to be governed by the provisions of the Wills Act in force at the date of the Deed creating the power in 1909, or by the Wills Act in force at the date of the life tenant's death in 1945.

The appointment having failed, the appointive estate was under the doctrine of cy pres awarded 1/3rd to Temple University, 1/3rd to the University of Pennsylvania, and 1/3rd to Dickinson College. John Brown University, the only appellant, made no claim under the cy pres doctrine, and consequently we enter the following order:

Decree affirmed, all costs to be paid out of the appointive estate.

Mr. Justice CHIDSEY dissents.