## Schede Estate.

Argued April 20, 1967. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

94

*Sidney E. Herold,* for appellant.

*Morris H. Goldman,* with him *Richard N. Weiner, George M. Brodhead, John B. Gest,* and *Wolf, Block, Schorr & Solis-Cohen,* and *Rawle & Henderson,* for appellees.

OPINION BY MR. CHIEF JUSTICE BELL, June 30, 1967:

The question involved in this appeal is whether Lucille Schede Brooks validly and effectively exercised the *special* power of appointment given her by Albert W. Schede, her first husband.

Schede died June 1, 1957 leaving a last Will dated April 11, 1953. In his Will he created two trusts which were primarily for the benefit of his wife Lucille,—one a so-called marital deduction trust and the other a residuary trust. This appeal involves only "the marital deduction trust." In this trust, testator gave Lucille all of the net income for her life and the right and power to withdraw principal not exceeding $5,000 annually.* He then pertinently provided in Paragraph Fourth (d):

"(d) Upon the death of my wife, the principal thereof shall be paid over and distributed unto such

---

* It is unnecessary to quote or even mention other provisions and conditions which have no relevancy.

person or persons, excluding herself, her estate or her creditors, as my wife may by her last will and testament or any writing in the nature thereof designate and *appoint by specifically referring to this Will,*** and upon her failure so to do, the trust shall continue and shall be divided into two separate trusts hereinafter referred to as Trust A and Trust B."

After Schede's death, Lucille married Bernard F. Brooks, the present appellant. Lucille died May 4, 1965 leaving a substantial estate of her own. In her Will she pertinently provided: "FOURTH: I give, devise and bequeath all of the rest, residue and remainder of my property, both real and personal of every kind and nature *and of which I may have a power of appointment* to my husband, BERNARD F. BROOKS absolutely and forever.

"FIFTH: In the event that my husband, BERNARD F. BROOKS predeceases me or in the event that we both die in a common disaster, I then, give, devise and bequeath all of the rest, residue and remainder of my property, both real and personal, and of which I may have power of appointment to my trustee" for the benefit of her family.

It will, of course, be instantly noted that in her appointment she did not specifically refer to Schede's will.

At the audit of the trustee's account in Schede's estate, Brooks, as Lucille's appointee, claimed the balance of Schede's marital trust. Judge SAYLOR, the auditing Judge, filed an able adjudication in which he rejected Brooks' claim, and exceptions to that adjudication were dismissed by the Court en banc in a unanimous and able Opinion written by President Judge KLEIN. From the final Decree of the Orphans' Court, Brooks took this appeal.

---

** Italics throughout, ours.

Appellant contends (1) that Lucille exercised the special power which Schede gave her by the *broad* language of her above-quoted residuary gift, in which she gave to her husband, Brooks, "all of the rest, residue and remainder of my property . . . of every kind and nature and of which I may have a power of appointment." Appellant further contends (2) that her intention to exercise the special power of appointment which Schede gave her was further evidenced by the stipulation of the parties that (a) when Lucille executed her Will, she knew she had a power of appointment under Schede's will and no other power of appointment, and (b) that her gift of property of every kind of which she may have a power of appointment would have no operative effect except as an execution of the power which Schede gave her.

Appellant concedes, and correctly so, (1) that the power given Lucille was a special and not a general power of appointment, and (2) that §14(14) of the Wills Act of April 24, 1947, P. L. 89, 20 P.S. §180.14, is inapplicable because that section relates to and provides only for cases involving a general power of appointment: *Windolph Trust,* 374 Pa. 81, 85, 97 A. 2d 67; *Jeffers Estate,* 394 Pa. 393, 399, 147 A. 2d 402.

For over a hundred years, the law has been clearly settled that strict and literal compliance with the terms of a special power of appointment is absolutely necessary for its valid and effective exercise. That means that the appointing instrument must specifically refer in the instant case to the power which was granted by Schede's will and which Lucille seeks to exercise and execute. A general residuary clause, even if and when it included the words, "I hereby exercise every power of appointment which I possess," would not and does not comply with and fulfill the donor's condition and is not a valid exercise of the special power of appointment granted to Lucille. *Windolph*

*Trust,* 374 Pa., supra; *Rogers's Estate,* 218 Pa. 431, 67 Atl. 762; *Wickersham v. Savage,* 58 Pa. 365; *Price's Estate,* 27 Pa. Dist. 561; *Slifer v. Beates,* 9 S. & R. 166, 181; 29 P.L.E. §9, page 527. Accord: *Kretz Estate,* 410 Pa. 590, 594, 189 A. 2d 239.

In *Windolph Trust,* 374 Pa., supra, the Court said (page 85-86): ". . ., unless Zachary Taylor Shafer specifically appointed the share in question and did so in conformity with the requirements of that Deed, the appointment cannot take effect. As this Court said in, Wickersham v. Savage, 58 Pa. 365, 370: 'The power was special: Horwitz v. Norris, 13 Wright 213, and to be strictly executed; if otherwise executed its execution amounted to nothing. . . .'

"The rule is well settled in Pennsylvania that in order to validly and effectively exercise a special or limited power of appointment, the appointing instrument must refer to the power which it seeks to execute or must dispose of the subject of the power specifically or by a description or reference which clearly identifies it. An exception has been grafted upon and become a part of the rule, namely, where the instrument of execution would have no operation except as an execution of the power, and there is neither equivocation or uncertainty with respect to the intention to execute it or the property to which it refers, the appointment will be effective. . . ."

In *Rogers's Estate,* 218 Pa., supra, the Court said (page 433): "The donee of a power is simply a trustee for the donor to carry into effect the authority conferred by the power. *In exercising the power, he must observe strictly its provisions and limitations.* The estate appointed is that of the donor and not of the donee, and in making the appointment the intention of the donor and not that of the donee must prevail. In case of a restricted power, the donee's discretion in exercising the power is defined by the will, and the limit there placed upon it must be observed."

In *Price's Estate*, 27 Pa. Dist. 561, the Orphans' Court of Philadelphia County, speaking through the learned JOHN MARSHALL GEST, J., said (page 561): "The donor of a power, inasmuch as he is disposing of his own property, may prescribe whatever ceremonies he pleases for its execution; and although these may be perfectly arbitrary, yet, being required by the creator of the power, they can be satisfied only by a strictly literal and precise performance of them: Slifer v. Beates, 9 S. & R. 166, at page 181; Rutland v. Wythe, 10 Cl. & Fin. 425."

Decree affirmed, appellant to pay costs.

Mr. Justice ROBERTS concurs in the result.

Mr. Justice COHEN dissents.