585 P.2d 319 (1978)
In the Matter of the ESTATE of Helen J. SMITH, Deceased.
Marjorie K. THOMPSON, Plaintiff-Appellant,
v.
Estate of Helen J. SMITH, Deceased, Defendant-Appellee.
No. 78-514.
Colorado Court of Appeals, Div. III.
September 28, 1978.
*320 Holland & Hart, Bruce T. Buell, C. Jean Stewart, Denver, for plaintiff-appellant.
Horn, Anderson & Johnson, Gregory L. Johnson, Colorado Springs, for defendant-appellee.
VanCISE, Judge.
The Colorado Springs National Bank, as the personal representative of the estate of Helen J. Smith, deceased (the wife), petitioned the district court, sitting in probate, to determine whether the decedent, in the residuary clause of her will, had validly exercised a general testamentary power of appointment conferred upon her by the trust provisions of the will of her late husband, Willard A. Smith. Marjorie K. Thompson, who was named as a residuary legatee in the husband's will and who is a taker in default of appointment, brings this appeal from an order of the trial court which determined that the wife had validly exercised the power of appointment. We reverse.
The relevant provisions of the husband's will read as follows:
"Upon the death of my wife all property then belonging to Trust A shall be paid to such persons and corporations, including her estate, her creditors and the creditors of her estate, in such amounts, shares and interests as my wife may, by her last will have appointed, but only if such will specifically refers to this power." (emphasis added)
By the above-quoted language, the husband conferred upon his wife a general power of appointment by will. See § 15-2-103(1) and (3), C.R.S.1973.
In the residuary clause of the wife's will, she provided in pertinent part as follows:

*321 "I give, devise and bequeath the rest, residue and remainder of my estate (including any property in which I hold a power of appointment, appointing said property to my residue) as follows:..." (emphasis added)
The trial court held that whether a general testamentary power of appointment has been validly exercised depends upon the intention of the donee of the power, and found that here the donee intended to exercise the power of appointment conferred upon her by her husband's will. Thus, the court determined that the power had been validly exercised.
The issue presented on this appeal is whether the attempted exercise of the power by the donee was fatally defective because she did not make specific reference to the power as required by the donor. For a general discussion of the issue presented here, see Rabin, Blind Exercises of Powers of Appointment, 51 Cornell L.Q. 1 (1965). See also 5 American Law of Property § 23:44 (A. J. Casner ed. 1952).
A donor of a power of appointment may effectively restrict the manner in which that power may be exercised, by requiring a specific mention of the donor's will by the donee. See generally 5 W. Bowe and D. Parker, Page on the Law of Wills, § 45:12 (1962); 4 A G. Thompson, Real Property § 2028 (J. Grimes Repl.1961). These specific reference clauses have a well reasoned purpose, which is to insure a considered and intentional, rather than an inadvertent exercise of the power. Inadvertent and blind exercise of unknown powers may and often have led to adverse results such as incurring unnecessary estate taxes, giving the property to the wrong people, and making invalid dispositions of the property. See 2 J. Appleman, Basic Estate Planning 714.
Contrary to the ruling of the trial court, the question of whether a power of appointment has been validly exercised depends not on the intent of the donee of the power, but on whether the power was exercised in the manner prescribed by the donor, i. e., by making specific reference in her will to this power. See Holzbach v. United Virginia Bank, 216 Va. 482, 219 S.E.2d 868 (1975); Leidy Chemicals Foundation, Inc. v. First National Bank, 276 Md. 689, 351 A.2d 129 (Md.App.1976); In re Estate of Schede, 426 Pa. 93, 231 A.2d 135 (1967); Shine v. Monahan, 354 Mass. 680, 241 N.E.2d 854 (1968). Where the controlling requirements are clearly stated in the donor's will, the donee's intent is irrelevant if she fails to comply with those requirements. Holzbach, supra.
Here, the donor did restrict the manner in which the power could be exercised by specifying that it could only be exercised if the donee of the power, his wife, specifically referred to the power in her will. Since the wife's will does not make specific reference to her late husband's will or to the power conferred therein, the power was not exercised in the manner prescribed, and therefore was not validly exercised. As stated in Holzbach v. United Virginia Bank, supra:
"Pursuing his right to dispose of his property as he saw fit, donor created a power of appointment and selected the conduit through which it should pass. Upon the exercise of that power, he imposed a lawful requirement that his donee manifest on the face of her will an intent to exercise the power by making specific reference to the power created in his will. While donee's will makes general reference to powers of appointment, it makes no specific reference to donor, to his will, or to the power created by his will. We hold that donee's will failed to comply with donor's requirement and, therefore, failed to make an effective appointment of donor's property."
The order of the trial court is reversed and the cause remanded for further proceedings consistent with the views expressed herein.
RULAND, J., concurs.
PIERCE, J., dissents.
*322 PIERCE, Judge, dissenting:
I agree with the majority that the question of whether the power of appointment here was validly exercised depends on whether the power was exercised in the manner prescribed by the donor. However, I would hold that the donee's exercise of the power was effective, and would therefore affirm the judgment.
As the majority points out, the donor's purpose in requiring specificity is to "insure a considered and intentional rather than an inadvertent exercise of the power." The question then becomes whether the donee exercised the power in a manner consistent with this purpose.
The evidence established that the power of appointment conferred on Helen by her late husband was the only power she possessed at the time she executed her will. Under the circumstances here, the manner in which she exercised the power should satisfy her donor's requirement of specificity. See Cross v. Cross, Mo.App., 559 S.W.2d 196 (1977); First Union National Bank v. Moss, 32 N.C.App. 499, 233 S.E.2d 88 (1977). See also Restatement of Property § 347.
The tax advantages which donors enjoy by conferring powers of appointment should not be a one-edged sword. By creating the power of appointment in Helen, Willard ran the risk that she would exercise it. He should not be permitted to reduce that risk by imposing hypertechnical and unrealistic conditions on the exercise of the power.
I would affirm the judgment of the district court.