423 So.2d 951 (1982)
Geraldine TALCOTT, Individually and As Personal Representative of the Estate of Frank A. Talcott, II, Appellant,
v.
Leroy E. TALCOTT, Jr., Individually and As Trustee under the Will of Leroy E. Talcott, Sr. and As Sole Surviving Partner of Triple T, a Dissolved Florida Partnership, Frank A. Talcott, III, Leslie T. Hullett and Bruce E. Talcott, Appellees.
No. 82-483.
District Court of Appeal of Florida, Third District.
November 30, 1982.
Rehearing Denied January 12, 1983.
*952 Julian M. Quarles and Charles F. Mills, South Miami, for appellant.
Herbert A. Warren and Roger H. Edwards, Miami, for appellees.
Before HENDRY, NESBITT and BASKIN, JJ.
BASKIN, Judge.
Geraldine Talcott, widow and personal representative of the estate of Frank Talcott II, sought a declaration of her rights under a trust agreement executed by Leroy E. Talcott, Sr., her father-in-law. Frank's three children from prior marriages intervened in the action, seeking to obtain assets held by Leroy E. Talcott, Jr., as trustee under Leroy E. Talcott, Sr.'s trust. The intervenors contended that Frank had not exercised the power of appointment in his will in the manner required by the original trust agreement and that they were therefore entitled to the assets held by the residuary trust for Frank's benefit.
Geraldine asserted that Frank intended to exercise the power of appointment when he executed his will leaving his property to his wife. If we accept her contention, the residuary trust corpus should have been distributed to Geraldine rather than to the intervenors. In support of her position, Geraldine relied upon several documents. One document consisted of a deed which purportedly conveyed property belonging to the trust from Leroy E. Talcott, Jr. and Frank to the Triple T partnership and to themselves. Geraldine argued that the deed evidenced Frank's intent to exercise the trust's power of appointment since it served to transfer trust property. The court, by virtue of the motion for summary judgment, was called upon to decide whether Frank exercised the power of appointment without expressly mentioning the power, as the trust agreement required, and whether his intent to do so could be gleaned from extrinsic evidence.
The trial court ruled that Frank had not exercised the power of appointment in accordance with the trust provisions and that his children, the intervenors, were therefore entitled to the assets held by the residuary trust for his benefit. The court also determined that the residuary trust for Frank's benefit held a 39.85% interest in the assets of the Triple T partnership. We agree and affirm the final judgment.
In its final judgment, the trial court found:
1. LEROY E. TALCOTT, SR. executed a Trust Agreement, dated April 18, 1971. The corpus of this Trust consisted of Certificate No. 4 of L.E. TALCOTT & SONS, INC. for 6,431 shares of the capital stock of such corporation. The balance of 1,569 shares of the stock was owned by RUTH E. TALCOTT.
2. The Trust Agreement provided that upon the death of LEROY E. TALCOTT, 50% of the assets would go into a marital trust for RUTH E. TALCOTT and 50% into a residuary trust. LEROY E. TALCOTT died in 1976. After administration of his estate and the payment of estate taxes, 2,563 shares of the stock of L.E. TALCOTT & SONS, INC. were allocated to the marital trust and 3,595 shares allocated to the residuary trust.

*953 3. The 1,569 shares owned by RUTH E. TALCOTT were sold by her in August, 1975, to LEROY E. TALCOTT, JR., and FRANK A. TALCOTT, II, with the result that, prior to the death of RUTH E. TALCOTT, the ownership of the stock was as follows:
Marital Trust  2,563 shares  33.17%
Residuary Trust  3,595 shares  46.53%
Leroy E. Talcott, Jr.  784 1/2 shares  10.15%
Frank A. Talcott, II  784 1/2 shares  10.15%
4. In November, 1975 the stockholders of L.E. TALCOTT & SONS, INC. adopted a plan of liquidation and dissolution with the result that the assets of the corporation were distributed to the stockholders in the following percentages:

 Leroy E. Talcott Marital Trust 33.16%
 Leroy E. Talcott Residual Trust 46.54%
 Leroy E. Talcott, Jr. 10.15%
 Frank A. Talcott II 10.15%

The assets of the corporation at the time of liquidation consisted of the realty described as:
Lots 1, 2 and 3 South Miami Industrial, according to the Plat thereof recorded in Plat Book 51 at Page 52 of the Public Records of Dade County,
and certain stocks traded on the national exchanges. A deed was executed by the surviving directors of the corporation on June 30, 1978, reflecting the conveyance of the real property to LEROY E. TALCOTT, JR.  10.15%, FRANK A. TALCOTT II  10.15%, and Triple T, a partnership  79.7%. There was no consideration paid for this conveyance and was solely to reflect the percentage ownership of the individual and trust interests.
5. After the liquidation of L.E. TALCOTT & SONS, INC. federal partnership tax returns were filed under the name of TRIPLE T, a partnership. These returns reflected the receipt of income from the assets formerly held by L.E. TALCOTT & SONS, INC. and, the returns for 1975 and 1976 reflected the percentage ownership of the assets as follows:

 Leroy E. Talcott Marital Trust 33.17%
 Leroy E. Talcott Residual Trust 46.53%
 Leroy E. Talcott, Jr. 10.15%
 Frank A. Talcott, II 10.15%

The partnership returns for 1977 and 1978 reflected the percentage ownership as:

 Leroy E. Talcott, Jr. 10.15%
 Frank A. Talcott II 10.15%
 L.E. Talcott Marital Trust 33.16%
 Residual Trust for the benefit of
 Leroy E. Talcott, Jr. 23.27%
 Residual Trust for the benefit of
 Frank A. Talcott II 23.27%

6. RUTH E. TALCOTT died February 13, 1978. Her Will provided for certain minor specific bequests and then devised and bequeathed all of the rest and remainder of her estate to the trustees of the LEROY E. TALCOTT, SR. Revocable Trust to be added to and become a part of the residuary trust estate. The LEROY E. TALCOTT, SR. Trust Agreement provided that upon the death of RUTH E. TALCOTT the trustees shall divide the residuary trust, including any amounts which may be added thereto from the marital trust, into two shares, one of which to be delivered to FRANK A. TALCOTT II for the use and benefit of LEROY E. TALCOTT, JR. and the other equal share to LEROY E. TALCOTT, JR. for the use and benefit of FRANK A. TALCOTT II. Thus, after the death of RUTH E. TALCOTT, the beneficial ownership of the assets of TRIPLE T, which consisted of the land and stock formerly owned by the corporation was as follows:

 Leroy E. Talcott, Jr. 10.15%
 Frank A. Talcott II 10.15%
 Residual trust for benefit of Leroy E.
 Talcott, Jr. 39.85%
 Residual Trust for benefit of Frank
 A. Talcott II 39.85%

7. FRANK A. TALCOTT II died June 4, 1980, after his death the respective interests in the assets of TRIPLE T were:

 Leroy E. Talcott, Jr. 10.15%
 Geraldine Talcott, as personal
 representative of the Estate of
 Frank A. Talcott II 10.15%
 Residual Trust for benefit of Leroy E.
 Talcott, Jr. 39.85%
 Residual Trust for benefit of Frank
 A. Talcott II 39.85%

8. The Court finds that LEROY E. TALCOTT, JR., as Trustee for the Benefit *954 of FRANK A. TALCOTT, II, owned a 39.85% interest in the assets of TRIPLE T., a partnership, at the time of the death of FRANK A. TALCOTT, II; that such 39.85% interest in the assets of TRIPLE T constituted trust assets and not a personal asset of FRANK A. TALCOTT, II; and that such 39.85% interest is distributable to the intervenors, FRANK A. TALCOTT, III, LESLIE T. HULLETT, and BRUCE E. TALCOTT, in equal shares, pursuant to the provisions of the Trust Agreement of April 18, 1971.
9. In addition to the interest of the Marital Trust in TRIPLE T which became a part of the Residuary Trust upon the death of RUTH E. TALCOTT, there are other assets which are still in the Estate of RUTH E. TALCOTT, deceased, and which were distributable at the time of her death 50% to the trust for the Benefit of LEROY E. TALCOTT, JR. and 50% to the Trust for the benefit of FRANK A. TALCOTT II. The intervenors are entitled to receive the 50% interest which was distributable to the Trust for the Benefit of FRANK A. TALCOTT, II. The ultimate determination of the assets of the Estate of RUTH E. TALCOTT (other than the interest of the Marital Trust in TRIPLE T) must await completion of the probate proceedings in such Estate.
10. The real property hereinabove described which was initially owned by L.E. TALCOTT & SONS, INC., and which was later put into the names of TRIPLE T., LEROY E. TALCOTT, JR. and FRANK A. TALCOTT, II, was sold in January, 1981, to Gerald F. Bean and Richard A. Raffo, as Trustees. The sales price was One Million Two Hundred Thousand Dollars ($1,200,000.00), with the Purchasers executing a purchase Money Mortgage and Note in the amount of One Million Dollars ($1,000,000.00). This Note and Mortgage has been assigned to the following parties in the following percentages:

 Leroy E. Talcott, Jr. 10.15%
 Geraldine Talcott as Personal
 Representative of the Estate of
 Frank A. Talcott, II, deceased 10.15%
 S.R. Barnett, as Trustee for Leroy E.
 Talcott, Jr. 39.85%
 R.W. Rivenbark, as Escrow Agent 39.85%

Also, an Escrow Agreement was entered into on January 5, 1981, whereby 39.85% of the cash proceeds of sale and 39.85% of the payments made under the Purchase Money Mortgage are being held in escrow by R.W. Rivenbark, Esquire, pending a determination by this Court as to the parties entitled to such proceeds.
Based upon these findings, the court ordered:
1. That 39.85% of the proceeds derived from the sale of the real property hereinabove described, including a 39.85% interest in the Purchase Money Note and Mortgage, constitute trust assets which are distributable to the intervenors under the provisions of the Trust Agreement of LEROY E. TALCOTT, SR., dated April 1971. Further, 39.85% of all remaining assets of TRIPLE T, a partnership, and 50% of the net distributable assets of the estate of RUTH E. TALCOTT, deceased are likewise trust assets which are distributable to the intervenors under the provisions of the Trust Agreement of April 18, 1971.
2. The intervenors, FRANK A. TALCOTT, III, LESLIE T. HULLETT, and BRUCE E. TALCOTT, are entitled to receive immediate payment from R.W. Rivenbark, Escrow Agent of all funds, plus interest, heretofore deposited with such Escrow Agent pursuant to the Escrow Agreement dated January 5, 1981.
3. The intervenors are the equitable owners of a 39.85% interest in that certain Note and Purchase Money Mortgage given by Gerald F. Bean and Richard A. Raffo, as Trustees, to LEROY A. [sic] TALCOTT, JR., individually and as sole surviving partner of TRIPLE T, a partnership, and GERALDINE TALCOTT, as Personal Representative of the Estate of FRANK A. TALCOTT, II, which Purchase Money Mortgage is recorded in the Public Records of Dade County, Florida in Official Records Book 10984 at Page 1142. Such 39.85% interest is presently *955 held by R.W. Rivenbark, Escrow Agent, pursuant to an assignment by the mortgagees. The intervenors are entitled to an immediate assignment to them of such 39.85% interest in the said Note and Purchase Money Mortgage.
4. That the intervenors are the equitable owners of a 39.85% interest in all other assets of the TRIPLE T partnership, in addition to the proceeds derived from the sale of the real property hereinabove described, and LEROY A. [sic] TALCOTT, JR. and GERALDINE TALCOTT, as Personal Representative of the Estate of FRANK A. TALCOTT, II, are hereby required to wind up the affairs of the partnership and to account to the intervenors for such assets and to make prompt distribution to the intervenors accordingly.
5. That the intervenors are entitled to receive 50% of the distributable assets of the Estate of RUTH E. TALCOTT, deceased (other than the assets previously held as a part of the Marital Trust) when such assets are determined and distributable in the probate proceedings. The remaining 50% of such net assets are distributable to the trust for the benefit of LEROY A. [sic] TALCOTT, JR.
6. The respective interest of LEROY E. TALCOTT, JR. and GERALDINE TALCOTT, as Personal Representative of the Estate of FRANK A. TALCOTT, II, in the proceeds of the sale of said real property and the remaining assets of TRIPLE T partnership are as follows:

 Leroy E. Talcott, Jr. 10.15%
 Geraldine Talcott as Personal
 Representative of the Estate of
 Frank A. Talcott, II 10.15%
 Trust for the Benefit of Leroy E.
 Talcott, Jr. 39.85%

The court reserved jurisdiction to resolve any remaining disputes and to award attorneys' fees called for under the trust agreement.
Directing our attention first to the summary judgment in which the court decided that Frank failed to exercise the power of appointment granted to him under the trust agreement, we refer to the trust agreement itself. The trust agreement provided:
Upon the death of FRANK A. TALCOTT, II, before complete distribution of his share, the remainder thereof plus any accrued or undistributed income shall be paid over and distributed to or in trust for such appointee or appointees, in such manner and proportions as FRANK A. TALCOTT, II may have appointed in and by his valid Last Will making specific reference to this power of appointment.
Frank died testate on June 4, 1980, leaving his entire estate to his wife, Geraldine. He made no mention of the power of appointment provided by the original trust. His will provided:
ARTICLE II.
I hereby give, devise, and bequeath all of my estate whether real, personal or mixed, of every kind, description and character, or to which I may be in any manner entitled, or in which I may be interested at the time of my death to my wife, GERALDINE TALCOTT.
When a method for executing a power of appointment is stated by the donor of a power, the donee must execute the power in the prescribed manner, Gorey v. Guarente, 303 Mass. 569, 22 N.E.2d 99 (1939); Applegate v. Brown, 168 Neb. 190, 95 N.W.2d 341 (1959); Republic National Bank of Dallas v. Fredericks, 274 S.W.2d 431 (Tex.Civ.App. 1954), rev'd on other grounds, 155 Tex. 79, 283 S.W.2d 39 (1955); 72 C.J.S. Powers § 38 (1951); when the donor fails to specify the precise method for exercising the power, whether the donee's acts constitute an exercise of the power becomes a question of intent. See Stewart v. United States, 512 F.2d 269 (5th Cir.1975). If the trust contains no specific limitation on the manner of executing the power, other evidence that the power had been executed may be considered to determine intent. See DePass v. Kansas Masonic Home, 132 Fla. 455, 181 So. 410 (1938); § 732.607, Fla. Stat. (1979); U.P.C. § 2-610 (1972). When the trust defines the manner in which the power must be exercised, non-compliance *956 with the donor's requirements defeats the appointment. In re Estate of Smith, 41 Colo. App. 366, 585 P.2d 319 (1978); Holzbach v. United Virginia Bank, 216 Va. 482, 219 S.E.2d 868 (1975); accord Lednum v. Barnes, 204 Md. 230, 103 A.2d 865 (1954); In re Estate of Schede, 426 Pa. 93, 231 A.2d 135 (1967); see Leidy Chemicals Foundation, Inc. v. First National Bank of Maryland, 276 Md. 689, 351 A.2d 129 (1976); Loring v. Karri-Davies, 371 Mass. 346, 357 N.E.2d 11 (1976); Shine v. Monahan, 354 Mass. 680, 241 N.E.2d 854 (1968). In Smith, the court stated:
Contrary to the ruling of the trial court, the question of whether a power of appointment has been validly exercised depends not on the intent of the donee of the power, but on whether the power was exercised in the manner prescribed by the donor, i.e., by making specific reference in her will to this power. Where the controlling requirements are clearly stated in the donor's will, the donee's intent is irrelevant if she fails to comply with those requirements.
41 Colo. App. at 368, 585 P.2d at 321.
The foregoing principles compel the rejection of evidence of intent to exercise the power of appointment because the method employed failed to comply with the donor's requirements. We therefore hold that the court properly granted appellees' motion for summary judgment.
Upon review of the trial court's allocation of trust assets, we find that the evidence, which included tax returns and testimony, sustained the result.
For these reasons, we affirm the final judgment entered by the trial court.