WETHERELL, J.
In this probate case, Appellants seek review of an order determining that the assets in three trusts of which Sally Chris-tiansen (the decedent) was a beneficiary are not the property of the decedent’s estate because her will failed to properly exercise the powers of appointment granted by the trusts. Finding no error in the trial court’s ruling, we affirm.
The decedent died in January 2011. Her will devised $5,000 to Appellee Sharon Peeples and devised “the rest and remainder of [her] estate, both personal and real property” to Appellant Joanne Cessac. The will also included a provision stating:
Included in my estate assets are the STANTON P. KETTLER TRUST, FBO, SALLY CHRISTIANSEN, under will dated July 30, 1970, currently held at the Morgan Stanley Trust offices in *677 Scottsdale, Arizona, and two (2) currently being held at Northern Trust of Florida in Miami, Florida.
The will did not contain any other references to the trusts, nor did it mention any powers of appointment held by the decedent.
The trust referred to by name in the will included a provision authorizing the decedent to direct who would receive the assets in the trust upon her death. This power of appointment provided:
Upon the death of my daughter, SALLY, the Trustees shall transfer and deliver the remaining principal of this share of the trust, together with any accumulated or undistributed income thereon to or for the benefit of such one or more persons, corporations or other organizations, in such amounts and subject to such trusts, terms and conditions as my daughter may, by her will, appoint, making specific reference to the power herein granted.
If my daughter, SALLY, predeceases me, or having survived, dies without exercising the power of appointment granted herein, SALLYs share of this trust shall be divided into equal shares so that there shall be one share for each child of my daughter who is then living and one share for each child of my daughter who has predeceased her but is represented by issue.
(emphasis added).
Nearly identical language was included in the two other trusts of which the decedent was a beneficiary: the “Inter Vivos Trust” created by Stanton P. Kettler on July 30, 1970, and the “Irrevocable Inter Vivos Trust” created by Mr. Kettler on that same date. The assets in these two trusts are in the Northern Trust of Florida accounts referenced in the decedent’s will.
The decedent’s will was admitted to probate. Appellee Marcia Stevens, the decedent’s daughter, filed a petition in the probate case for declaratory judgment, construction of the will, and other relief. The petition sought a declaration that the assets in the trusts are not the property of the estate because the decedent’s will did not properly exercise the powers of appointment granted by the trusts. The effect of such a declaration would be that the assets in the trusts would be distributed to Ms. Stevens and the decedent’s son, Appellee Christopher Evans, in accordance with the terms of the trusts, rather than to Ms. Cessac.
Ms. Stevens filed a motion for summary judgment, which the trial court referred to a general magistrate. After a hearing, the magistrate issued a report recommending that the court grant the motion for summary judgment. The magistrate found Talcott v. Talcott[1] “binding,” and based on that decision, concluded that (1) the decedent’s failure to exercise the powers of appointment in the manner directed by the trusts defeated the purported transfer of the trusts’ assets by the decedent’s will, and (2) section 782.607, Florida Statutes, did not apply because the trusts provided the manner for exercising the powers of appointment granted by the trusts and, thus, any evidence of the decedent’s intent to transfer the trusts’ assets to Ms. Cessac was irrelevant.
Appellants filed exceptions to the magistrate’s report, which the trial court overruled after a hearing. The court adopted and approved the magistrate’s report and entered a “judgment” declaring that the trusts’ assets are not the property of the decedent’s estate. The court reasoned that the decedent’s will did not include a valid exercise of the powers of appoint *678 ment provided in the trusts because it “failed to reference the power of appointment in the Trusts as required by the grantor.”
Appellants timely appealed to this court. We have jurisdiction,[2] and our standard of review is de novo. See Vetrick v. Keating, 877 So.2d 54, 56 (Fla. 4th DCA 2004).
We begin our analysis with Talcott, which appears to be the only Florida decision involving a power of appointment similar to those granted by the trusts in this case. There, a widow and personal representative of the estate of her deceased husband sought a declaration of her rights under a trust agreement executed by her father-in-law. Talcott, 423 So.2d at 952. The husband’s three children intervened, arguing that the husband had not exercised his power of appointment in the manner required by the original trust agreement. Id. The wife, in turn, attempted to offer extrinsic evidence of her husband’s intent to exercise the power of appointment provided in the trust. Id. The trust agreement required that the husband exercise the power of appointment by making a specific reference to the power in his will. Id. The husband died testate and in his will devised all of his estate to his wife without specific reference to the trust or the power of appointment given therein. Id.
The trial court in Talcott found that the husband had not properly exercised the power of appointment in accordance with the requirements of the trust and that the intervening children were therefore entitled to the trust assets. Id. The Third District, citing cases from other jurisdictions, affirmed the trial court’s decision and held that evidence of the husband’s intent to exercise the power of appointment was immaterial in light of his failure to comply with the specific reference requirement of the trust. Id. at 955-56.
The circumstances of this case differ from those in Talcott. There, the will not only failed to make specific reference to the power of appointment granted by the trust, but it failed to mention the trust at all. Here, the decedent’s will included a reference to one of the trusts by name and identified the other two trusts by reference to a location where the assets were held.
Although we agree with Appellants that Talcott is distinguishable, we find the analysis in the opinion persuasive and agree with its holding that whether a do-nee has validly exercised a power of appointment depends not on the intent of the donee, but on whether the power was exercised in the manner prescribed by the donor. Id.; accord Hargrove v. Rich, 278 Ga. 561, 604 S.E.2d 475, 477 (2004); Leidy Chems. Found., Inc. v. First Nat. Bank of Md., 276 Md. 689, 351 A.2d 129, 132 (1976); In re Estate of Schede, 426 Pa. 93, 231 A.2d 135, 137 (1967); Thompson v. Smith, 41 Colo.App. 366, 585 P.2d 319, 321 (1978).
As the Pennsylvania Supreme Court explained:
The donor of a power, inasmuch as he is disposing of his own property, may prescribe whatever ceremonies he pleases for its execution; and although these may be perfectly arbitrary, yet, being required by the creator of the power, they can be satisfied only by a strictly literal and precise performance of them.
Schede, 231 A.2d at 137 (quoting In re Price’s Estate, 27 Pa.Dist. 561 (O.C.Phila.Co.1918)). Thus, the donee’s failure to *679 abide by the donor’s requirements invalidates an exercise of a power of appointment. See Hargrove, 604 S.E.2d at 477; Holzbach v. United Va. Bank, 216 Va. 482, 219 S.E.2d 868, 871 (1975); Schede, 231 A.2d at 137; Smith, 585 P.2d at 321.
Appellants urge this Court to adopt an equitable construction standard and construe the “specific reference” requirements in the trusts to demand only a reasonable substantive compliance. Under this theory, Appellants argue we should hold that the language in the decedent’s will substantively complied with the requirements in the trusts and, thus, the trusts’ assets became part of the decedent’s estate, passing to Ms. Cessac. In support of this argument, Appellants cite out-of-state cases that are factually distinguishable because the wills in each of those cases made at least a general reference to powers of appointment held by the donees.
In Shine v. Monahan, 354 Mass. 680, 241 N.E.2d 854, 855 (1968), for example, the settlor of a trust provided a power of appointment which required the power to be exercised “by specific reference in [the donee’s] will to the full power hereby created.” The donee’s will included a residual clause that stated, “All the rest, residue and remainder of my property, including all property of which I have the power of appointment by virtue (of) any will or testament or inter vivos trust executed by my husband, Edward O’Toole, after payment of the aforesaid legacies, I give, devise and bequeath to Margaret A. O’Toole of said Westwood.” Id. (emphasis added). The court held that the settlor’s intent was to prevent an inadvertent exercise of the power of appointment and the donee’s will evidenced an intent to exercise the power of appointment and did so effectively. Id.
Likewise in In re Passmore, 490 Pa. 391, 416 A.2d 991, 992 (1980), the donor executed a trust agreement in which he created trusts for his own benefit as well as for the benefit of the donee, his wife, and her sisters. The donor provided that, upon his death, two new trusts were to be created and that, upon donee’s death, all the property held in one of the trusts “shall be distributed as she may by her will appoint, making specific reference to Trust A under this Revocable Agreement of Trust.” Id. at 992. The donor died and, twenty-one months later, the donee died leaving a will including the following clause:
I give, bequeath and devise all of my property, of whatever nature and wherever situated, and expressly intend this act to constitute the exercise of any power of appointment which I may possess or enjoy under any Will or trust agreement executed by my husband, Charles F. Passmore, and/or the disposition of any property in which I may possess an interest as a beneficiary of a trust or otherwise am entitled to participate or share in its disposition or distribution, in trust, to be administered in a manner and for purposes hereinafter stated: ...
Id. (emphasis added). The court held that the donee’s will effectively exercised her power of appointment granted in the trusts. Id. at 994.
Further, in In re Strobel, 149 Ariz. 213, 717 P.2d 892, 893-94 (1986), Mr. Strobel created two trusts, each of which gave Mrs. Strobel a power of appointment which required specific reference in her will. Mrs. Strobel’s will stated that she had been given a power of appointment in Mr. Strobel’s will rather than the trust documents and that, pursuant to such power, she appointed all of the trust assets to her estate. Id.
The Strobel court noted that the general rule is that an exercise of a power of appointment must comply with the specific requirements imposed by the donor. Id. at 896-97. However, the court adopted *680 the view of the Restatement of Property § 346 (1940) that “equity will ‘aid the defective execution of a power’ ” if the defect was due to mistake, the appointment approximately met the requirements of the manner of exercise, and the appointee was a natural object of affection. Id. The court concluded that the evidence showed that Mrs. Strobel clearly intended to exercise the power of appointment and that the invalidity of her exercise of the power was due to mistake. Id. at 897. The court then, after concluding that granting equitable relief would not defeat Mr. Strobel’s purpose in imposing the requirements on exercising the power of appointment, gave effect to the defective exercise of appointment in light of Mrs. Strobel’s approximate compliance with the requirements. Id. at 899.
Here, unlike the aforementioned cases (and the other authorities cited by Appellants [3]), the decedent’s will did not include even a general reference to the powers of appointment held by the decedent. Without such, the decedent’s will failed to even substantially comply with the “specific reference” requirements of the trusts. The Strobel court made this precise point when it noted:
[T]he donee’s intent to exercise the power of appointment must be evident from the document itself. Thus, for example, if the donee’s will makes “no reference at all to any power,” and the donor required “specific reference to the power,” the will cannot exercise the power of appointment, even under the equitable exception. Furthermore, “no amount of intent by the donee will exercise a power in the face of a contrary intent by the donor.”
Id. at 897 (citations omitted and emphasis in original).
Finally, Appellants argue that the assets in the trusts are part of the decedent’s estate and should pass to Ms. Cessac because the terms of the will meet the requirements of section 732.607, Florida Statutes, and indicate the decedent’s intent that Ms. Cessac receive the assets. Section 732.607 provides:
A general residuary clause in a will, or a will making general disposition of all the testator’s property, does not exercise a power of appointment held by the testator unless specific reference is made to the power or there is some other indication of intent to include the property subject to the power.
The Talcott court rejected an identical argument as to the applicability of section 732.607 when, citing the statute, the court stated, “[i]f the trust contains no specific limitation on the manner of executing the power, other evidence that the power had been executed may be considered to determine intent [but][w]hen the trust defines the manner in which the power must be exercised, noncompliance with the donor’s requirements defeats the appointment.” 423 So.2d at 955-56 (citations omitted). We agree; nothing in section 732.607 limits the power of an individual to place specific requirements on the disposition of his or her property and where, as here, a settlor of a trust places specific restrictions on the exercise of a power of appointment, section 732.607 is inapplicable.
In sum, we conclude that to properly exercise a power of appointment such as the powers provided for in the trusts at issue in this case, the decedent must at least make reference in his or her will to the powers of appointment held by the *681 decedent. Here, the mere reference to one of the trusts and to the location of the property of the other two trusts was not sufficient to even substantially comply with the “specific reference” requirements in the trusts. Accordingly, because the decedent failed to comply with the requirements of the trusts when attempting to execute her powers of appointment, the assets in the trusts did not become part of her estate and must pass to the decedent’s children, as directed in the original trusts, rather than to Ms. Cessae as provided in the decedent’s will.
We recognize the seemingly harsh result of our conclusion that Ms. Cessae will not receive the assets the decedent apparently intended for her to receive. However, this result is a function of the intent of the original donor, who had the right to place whatever restrictions he desired on the disposition of his property. The decedent was obligated to comply with these restrictions, and compliance would not have been difficult here, as all that was necessary was some reference to powers of appointment in the decedent’s will.[4]
For the reasons stated above, the trial court correctly determined that the trusts’ assets are not the property of the decedent’s estate. Accordingly, the order on appeal is AFFIRMED.
SWANSON and MAKAR, JJ„ concur.

. 423 So.2d 951 (Fla. 3d DCA 1982), rev. denied, 431 So.2d 990 (Fla. 1983).

. See Fla. R. App. P. 9.170(b)(12) (authorizing appeals of orders in probate cases that "finally determine a right or obligation of an interested person as defined in the Florida Probate Code,” including orders that "determine an estate’s interest in any property”).

. See Wanda Ellen Wakefield, Annotation, Sufficiency of Exercise of Power Specifying that it Can Be Exercised Only By Specific Reference Thereto, 15 A.L.R.4th 810 (1982) (collecting cases).

. The decedent's will was prepared by an attorney (not Appellants’ counsel on appeal) who, had he read the trusts, could have easily drafted the will to comport with the original donor’s intent. However, the attorney testified that he made no effort to ensure that the will complied with the trusts’ requirements when preparing the decedent's final will in 2009 even though he had previously been provided a copy of at least one of the trusts.