### JOHN H. MCDONALD *vs.* CAROLINE H. WILLIS.

Middlesex.    January 18. — 24, 1887.    HOLMES & GARDNER, JJ., absent.

It is no objection to the validity of a certificate of account, offered in evidence at
the trial of a petition to enforce a mechanic's lien, that the oath to the certifi-
cate was administered by a magistrate who was at the time the attorney of the
petitioner.

PETITION to enforce a mechanic's lien.

At the trial in the Superior Court, before *Mason,* J., the
petitioner offered a certificate of his account, duly filed in the
registry of deeds; but it appeared, from the evidence of the peti-
tioner, that the certificate was sworn to before a magistrate who
was at the time the attorney of the petitioner in said matter.
The respondent objected to the certificate, on the ground that
the justice administering the oath was at that time the attorney
of the party in relation to the cause involved in said oath ; but
the judge overruled the objection, and admitted the certificate.

The respondent also requested the judge to instruct the jury,
" that, the oath to the certificate having been administered by
the attorney of the party in relation to a cause for which he was
employed as such attorney, the same was void and of no effect."
But the judge refused so to instruct the jury, and on this point
gave no instruction.

The jury found for the petitioner ; and the respondent alleged
exceptions.

*L. H. Wakefield,* for the respondent.

*P. H. Cooney,* for the petitioner, was not called upon.

BY THE COURT.    It is true that a man cannot be a judge and
an attorney for one of the parties in the same cause.    But it
has always been the uniform usage for attorneys for either party
to administer oaths, as justices of the peace, to their clients or
others, when the necessity for voluntary affidavits arises in a
case ; and there is no sound objection to this where the oaths
are voluntary, and the act of the justice is substantially minis-
terial, and not judicial.

In the case before us, the act of the attorney of the peti-
tioner, in administering to him the oath to his certificate, was

substantially ministerial, and did not involve or require any hearing, decision, or adjudication. The act of the attorney was no more judicial than the taking an acknowledgment to a deed; and the Superior Court rightly held that the oath was sufficient.

*Exceptions overruled.*