L. THOMAS SHINE & another, trustees, *vs.*
CHARLES O. MONAHAN, executor, & others.

Norfolk. October 9, 1968. — November 5, 1968.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, KIRK, &
REARDON, JJ.

*Power. Trust,* Power.

Under an inter vivos trust giving the donor's wife a power of appointment in the remainder of the trust to be exercised "by specific reference in her will to the full power hereby created," a clause in her will disposing of "the . . . residue . . . of my property, including all property of which I have the power of appointment by virtue [of] any . . . inter vivos trust executed by my husband," satisfied the donor's intent of preventing an inadvertent exercise of the power and was an effective exercise thereof.

PETITION for instructions filed in the Probate Court for the county of Norfolk on March 27, 1964.

The case was heard by *Sullivan,* J.

*John Barr Dolan* for William J. Walker, Jr., & another.

*Henry C. Donnelly (Francis T. Mullin* with him) for Margaret A. Donnelly.

WHITTEMORE, J.   This is an appeal from a decree of the Probate Court for Norfolk County on a petition for instructions filed by the trustees of the Edward O'Toole Trust, an inter vivos trust.   The only issue presented on appeal is whether the probate judge ruled correctly that clause Third of the will of Mary L. O'Toole effectively exercised the power of appointment created by clause 3 of the trust.   It is not disputed that the two appellants are, as their brief informs us, grandsons of Edward O'Toole, who, although not named as parties in the original petition, were on their motion admitted as parties, or that they have an interest in the estate.

Edward O'Toole died testate in 1961.   He left a will dated April 30, 1957, which was admitted to probate, and a trust instrument executed by him on April 30, 1957.

Clause Sixth of the will of Edward O'Toole bequeathed to the trustees of the inter vivos trust a sum computed through an estate tax marital deduction formula.   The trust itself gave Mary L. O'Toole the income for life, upon the death of the donor, and a power of appointment in the remainder to be exercised "by specific reference in her will to the full power hereby created."   Mary L. O'Toole died testate in 1963, leaving a will dated December 30, 1957, which has been admitted to probate.   Clause Third of her will provides: "All the rest, residue and remainder of my property, including all property of which I have the power of appointment by virtue [of] any will or testament or inter vivos trust executed by my husband, Edward O'Toole, after payment of the aforesaid legacies, I give, devise and bequeath to Margaret A. O'Toole of said Westwood."   The judge ruled that this effectively exercised the power of appointment. This ruling was right.

"[A] conclusion that the power effectively has been exercised must be grounded on an interpretation of the expressed intent of the *donor.*" Am. Law of Property, § 23.44. See *National Shawmut Bank* v. *Joy,* 315 Mass. 457, 462; Restatement: Property, §§ 346, 347.

"In a particular case [however] it may be quite reasonable to conclude that, although the donor, in creating the power,

prescribed a specific formality, his effective intent was merely to require sufficient formality to insure against a hasty act by the donee. . . . More accurately it may be said that the formality prescribed by the donor is that which, in view of the donor's assumed purpose, approximates that specifically stated." — Am. Law of Property, § 23.44.

We conclude that Edward O'Toole's intent was to prevent an inadvertent exercise of the power. Plainly Mary L. O'Toole did not act inadvertently. She intended to exercise a power created by her husband in an inter vivos trust. She referred in terms to "the power of appointment by virtue [of] any . . . inter vivos trust executed by my husband." Having in mind the testator's purpose, this was the required specific reference.

The appellants argue that the power was given for Federal tax reasons only, and that "but for . . . [this] purpose . . . he did not want any of his property to pass to or to be disposed of as part of his wife's estate." They note that Mary L. O'Toole was the donor's second wife and not the mother of his children and that the trust property, in default of appointment, passed to the donor's grandchildren per stirpes. The appellants argue that the general power was given solely to take advantage of the estate tax marital deduction, and that Mary L. O'Toole was given the most restricted interest possible consistent with the requirements of the Internal Revenue Code in the anticipation that the restriction might result in foiling an attempt to exercise it. We see no basis for so concluding from the donor's manifest intent to obtain the benefit of the marital deduction.

*National Shawmut Bank* v. *Joy*, 315 Mass. 457 (where the power in question was held not validly exercised) is distinguishable. In that case the donor specified exercise by an instrument sealed, duly acknowledged and deposited with the trustees. One of the attesting witnesses to the will purporting to appoint was in fact a notary but he did not act as such and it was not shown that the donee even knew he was such. The instrument was deposited with a bank which nearly ten years later became a trustee but which never held

the instrument in its capacity as trustee. This did not approximate what was required.

The appellants refer to unreported decisions in Suffolk Probate Court and in Ohio which hold that mere reference to "property . . . over which I shall have a power of appointment" is not compliance with a requirement of specific reference. Such holdings do not suggest the proper construction of the different language before us.

The decree of the Probate Court is affirmed. Costs and expenses of appeal may be awarded in the discretion of the Probate Court.

*So ordered.*