Kenneth W. Gustafson, executor, *vs.* Hildur L. Svenson, executrix, & others (and two companion cases[1]).

Barnstable.    January 5, 1977. — August 30, 1977.

Present: Quirico, Kaplan, Wilkins, & Liacos, JJ.

*Devise and Legacy,* Construction of particular phrase, Extrinsic evidence affecting construction.  *Evidence,* Extrinsic affecting writing. *Words,* "Heirs per stirpes."

Under the wills of two sisters giving shares in their estates to their brother, or "his heirs per stirpes," where it appeared that the brother predeceased the testatrices and was survived only by his wife, she was entitled to his shares in the estates as his heir; it was error for a Probate Court judge to admit testimony that the testatrices had indicated, prior to executing their wills, that they did not want their brother's wife to obtain his shares if he predeceased them, and to direct that she was not entitled to share in the testatrices' estates. [274-276]

[1] Carl R. Anderson, conservator for Anna Savage, *vs.* Kenneth W. Gustafson, executor, & another, and Kenneth W. Gustafson, executor, *vs.* Anna Savage & others. Martha Anderson, the original appellant in all three cases, died on January 14, 1975, and Kenneth W. Gustafson, her executor, was substituted as named appellant in each of the cases.

TWO PETITIONS filed in the Probate Court for the county of Barnstable on December 21, 1973, and December 24, 1973, respectively.

BILL IN EQUITY filed in the Probate Court for the county of Barnstable on December 24, 1973.

The cases were consolidated for trial and heard by *Knight*, J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Charles R. Desmarais* for Hildur L. Svenson, executrix, & others.

*Michael J. Michaeles* for Kenneth W. Gustafson, executor.

LIACOS, J.   Two unmarried sisters, Hilda C. Anderson and Beda J. Anderson, executed wills which were identical except for provisions in the respective residuary clauses which provided for gifts to each other. Both sisters named their brother, Enoch J. Anderson, or "his heirs per stirpes," among several other family members to share in the residue of their estates. Enoch, however, predeceased Hilda and Beda, and was survived only by his wife, Martha. Following the deaths of Hilda and Beda within several weeks of each other, and after their wills were proved and allowed, petitions for instructions, for distribution of Beda's estate, and for declaratory judgment were filed in the Probate Court for Barnstable County. The petitions sought a determination of Martha's rights as the surviving spouse of Enoch to a distribution of one part of the residue of the estates of the testatrices. The three petitions were heard together.

During the proceedings the trial judge in the Probate Court admitted testimony from the attorney who drafted the testatrices' wills. The attorney testified that the testatrices indicated to him, prior to executing their wills, that they did not want Martha to obtain Enoch's share of their estates in the event that Enoch predeceased them. Based on this extrinsic evidence, the probate judge entered judgments in two cases, and a final decree in the third case,

which directed that Martha was not entitled to receive any portion of the residue of the testatrices' estates. Martha appealed.

In reversing the judgments and the final decree of the Probate Court judge, the Appeals Court ruled that the testimony of the attorney who drafted the wills was inadmissible to show the actual intentions of the testatrices in opposition to the legal effect of the language which the testatrices employed in the will itself. *Gustafson* v. *Svenson,* 4 Mass. App. Ct. 338, 340 (1976), and cases cited. Thereafter, the appellees filed an application for leave to obtain further appellate review in this court, in which they have suggested that the Appeals Court's refusal to sanction the admission of the attorney's testimony in these cases clashes with our acceptance of the testimony of an attorney who supervised the drafting of the will in *McKelvy* v. *Terry,* 370 Mass. 328 (1976).

The opinion of the Appeals Court is correct and accurately distinguishes the circumstances in these cases from those which prevailed in the *McKelvy* case. The intention of a testator in disposing of his property by will must be discerned from the language of the will considered in light of the circumstances known to the testator at the time of its execution. *Fitts* v. *Powell,* 307 Mass. 449, 454 (1940). *Best* v. *Berry,* 189 Mass. 510, 512 (1905). Where the will is unambiguous, extrinsic evidence to aid in the interpretation of its provisions is inadmissible even though the language involved has a legal meaning which is not likely to have been understood by the testator or which does not correspond to an oral statement of his intention. *Putnam* v. *Putnam,* 366 Mass. 261, 266 (1974).

The phrase "his heirs per stirpes" is not ambiguous. The word "heirs" includes, by force of statute, a surviving spouse. *First Agricultural Nat'l Bank* v. *Shea,* 351 Mass. 1, 3 (1966). *Yerxa* v. *Youngman,* 241 Mass. 251, 254 (1922). *Sherburne* v. *Howland,* 239 Mass. 439, 442 (1921). See G. L. c. 190, § 1. "Per stirpes" simply indicates that the procedure chosen by the testatrices for distribution of a portion of the residue of their estates was by right of

representation in the event that Enoch predeceased them, thereby requiring that other persons be substituted to receive his share. Martha, as an heir of Enoch, was entitled to share in the distribution of the residuary gifts made to him or "his heirs per stirpes" by the testatrices.

The judgments in Probate Court equity Nos. 396 and 397 and the final decree in Probate Court No. 49252 are reversed, and the cases are remanded to that court for further proceedings in accordance with this opinion.

*So ordered.*