HENRY H. GOVE & another[1], administrators, vs. MARION F. HAMMOND & others.[2] January 12, 1982. We granted the defendants' application for further appellate review in order to restate the rule: "Courts . . . 'have no power to reform wills. Hypothetical or imaginary mistakes of testators cannot be corrected. Omissions cannot be supplied. Language cannot be modified to meet unforeseen changes in conditions. The only means for ascertaining the intent of the testator are the words written and the acts

---

[1] The other elected members and members ex officio of the parish committee of the First Parish Unitarian Church of East Bridgewater.

[2] The Attorney General.

[3] Shawmut First County Bank, N.A.

[1] James T. Connolly.

[2] Heirs and legatees of the estate of Mildred F. Hosford.

done by him.' *Sanderson* v. *Norcross*, 242 Mass. 43, 46 [1922]." *Salter* v. *Salter*, 338 Mass. 391, 393 (1959). A failure to provide for a contingency may lead to either a partial or complete intestacy. See *Wright* v. *Benttinen*, 352 Mass. 495 (1967).

*Judgment affirmed.*

*Edwin E. Kaarela* for Louise E. Hardy & others.
*David L. Taylor* for Marion F. Hammond & another.