MAURICE SCHWARTZ, executor and trustee, vs.
BAYBANK MERRIMACK VALLEY, N.A., trustee, & others.

Essex.  November 7, 1983. — December 1, 1983.

Present: GRANT, GREANEY, & SMITH, JJ.

*Power of Appointment.  Devise and Legacy,* Power of appointment,
Residuary clause, Extrinsic evidence affecting construction.

Where an instrument creating a testamentary power of appointment pro-
vided that the power was to be exercised by the donee's will "specifi-
cally referring to the power," a residuary clause of the donee's will
which neither referred to the power nor purported to exercise any
power of appointment was insufficient effectively to exercise the
power.  [171-174]

The fact that the will of the donee of a testamentary power of appoint-
ment included several pecuniary bequests which in total may have ex-
ceeded her assets at the time of her death did not, in the circumstances,
serve to exercise the power by implication.  [175]

Where an instrument providing that a testamentary power of appoint-
ment was to be exercised by the donee's will and the subsequently ex-
ecuted will itself showed no ambiguities as to the exercise of the power,
extrinsic evidence, while admissible to show the circumstances attend-
ant upon the execution of the will, was not admissible to either con-
tradict or control unambiguous language in the will, or to correct an
inadvertent omission by the donee or her attorney, or to show the
donee's intent.  [176]

CIVIL ACTION commenced in the Essex Division of the
Probate and Family Court Department on May 1, 1980.

The case was heard by *Macdougall,* J.

*Samuel J. Concemi* for the plaintiff.

*Eric F. Menoyo* for New England Deaconess Hospital.

GREANEY, J.  This case involves a testamentary power
of appointment, the terms of which called for its exercise
by specific reference to the power in the donee's will.  A

judge of a Probate Court concluded, after trial, that the power had not been exercised by the residuary clause of the donee's will which neither referred to the power nor purported to exercise any power of appointment. We conclude that the judge's decision was correct and affirm his judgment.

The facts are drawn from the judge's findings. On April 1, 1957, Mary F. Cox executed a will which provided that the residue of her estate be held in trust for the benefit of her daughter Dorothy Cox during Dorothy's lifetime. Upon Dorothy's death, the trustee of Mary's trust was directed to pay the trust principal to such person or persons, including the executor of Dorothy's will, as Dorothy "shall appoint by her will specifically referring to the power herein given to her." If Dorothy failed to exercise her general power of appointment, the trust principal was to be paid to the New England Deaconess Hospital. Mary's will was admitted to probate on August 5, 1968, and, on July 17, 1970, BayBank Merrimack Valley, N.A. (Baybank), was appointed to succeed the original trustee under the will.

On May 6, 1977, Dorothy Cox executed a will, prepared by the plaintiff Maurice Schwartz, an attorney. The will, insofar as relevant, gave to a friend a life estate in her home and its contents, created a trust to maintain the home, and left specific cash bequests to a niece and a nephew and three charities. The residuary clause of Dorothy's will read as follows: "The said residue of my estate will be held in trust by my said Trustee . . . to pay the income thereof, to my . . . niece, *LOUISA GILBERT*, during her lifetime. Upon her death, said residue and any accrued income thereof, shall go to . . . *BEAVER COLLEGE*, of Glenside, Pennsylvania, outright, and said Trust will terminate." Dorothy died on January 4, 1980, never having married and leaving no issue. Her will was allowed and, on March 26, 1980, Mr. Schwartz was appointed as her executor and trustee. Dorothy had insufficient assets as the time of her death to fund all the bequests in her will.

In addition, Mr. Schwartz, the sole witness at trial, testified as to the circumstances attendant upon his drafting of the will. He indicated that he had asked Dorothy about her assets and the funding of legacies, and that she had made reference to money in Baybank which could be used to pay the legacies. He also testified that he did not ask to see Mary's will before he prepared Dorothy's will, that he first became aware of Mary's trust after Dorothy's death, and that Dorothy never requested that her will exercise her power of appointment. Finally, Mr. Schwartz testified that Dorothy received substantial sums from another trust created by her father and administered by The First National Bank of Boston as trustee, that Dorothy knew that the residue of the estates of both her parents were managed by trustees, that she received income from both trusts of about $20,000 annually, and that Dorothy had a checking account at a Baybank office.

1. The facts require examination in light of several general principles pertaining to the exercise of powers of appointment and two Massachusetts decisions.

Generally, when the donor of a power of appointment prescribes a specific formality for the exercise of the power, there will be no effective appointment in the absence of the donee's compliance with the formalities dictated by the donor. *National Shawmut Bank* v. *Joy*, 315 Mass. 457, 462 (1944). Restatement (Second) of Property § 18.2 (Tent. Draft. No. 6, 1983).[1] This rule, however, is not absolute. Failure to satisfy the formal requirements imposed by a donor will not cause the appointment to fail if the donee's action reasonably approximates the prescribed manner of appointment, especially where the appointee is a member of a favored class. Restatement (Second) of Property, *supra* § 18.3.[2] 5 American Law of Property § 23.44 (1952). See

---

[1] The tentative draft carries forward without material change the formulation of the rule set out in Restatement of Property § 346 (1940).

[2] These principles are also carried forward from the earlier Restatement of Property § 347, comment *a* (1940), and are grounded on the maxim

*Shine* v. *Monahan*, 354 Mass. 680, 682 (1968). A donor's requirement of specific reference ordinarily negates any presumption that a general residuary clause may exercise the power and mandates, for effective exercise of the power, an affirmative act by the donee at least approximating the indicated formality.

The reasons behind these rules are simple enough to discern. The donor of the power presumptively intends by the specific reference requirement that the donee (a) focus on the consequence of the appointive act and consider the donor's wish with respect to the trust remainder if there is a default in exercise of the power, and (b) make an unambiguous written statement expressing a wish to exercise the power. With proper compliance, the specific reference device provides for the reasoned disposition of property by means of written and proven instruments which help to establish an unimpeachable record of title and serve to discourage unnecessary litigation.

These principles underlie two decisions of the Supreme Judicial Court within the last fifteen years which, while not directly on point, instructively discuss the subject of successful exercise of powers of appointment.

In *Shine* v. *Monahan*, 354 Mass. 680 (1968), the donor of an inter vivos trust required that a general power of appointment be exercised "by specific reference in her [donee's] will to the full power hereby created." The donee's will provided for the distribution of "[a]ll the rest, residue and remainder of my property, including all property of which I have a power of appointment by virtue [of] any will or testament or inter vivos trust executed by my husband [the donor]." An effective exercise of the power

that "equity will aid the defective execution of a power." Favored class status is extended by the proposed Restatement to (a) a natural object of the donee's affection, (b) a person with whom the donee has had a relationship akin to that with one who would be a natural object of the donee's bounty, (c) a creditor of the donee, (d) a charity, (e) a person who has paid value for the appointment, or (f) some other person favored by a court applying equitable principles. See Restatement (Second) of Property, *supra*, § 18.3(2).

was found, under the principles of approximation, because the donor's purpose (to prevent inadvertent exercise of the power) had been satisfied by the donee's deliberate references to all powers of appointment given by her husband, the donor.  Not to be overlooked in the decision, is the court's careful distinction from the case before it of situations, as in *National Shawmut Bank* v. *Joy, supra,* where the donor required a specific reference and the donee simply referred in general terms to any power of appointment the donee might possess.  354 Mass. at 683.

In *McKelvy* v. *Terry,* 370 Mass. 328 (1976), the donor conferred on the donee a limited testamentary power of appointment to be exercised "by reference [in the donee's will] to the limited power of appointment herein given to him." The donee's will provided for distribution of "[a]ll of the residue of my estate, including lapsed legacies and devises (and also including any property over which I may have a power of appointment under any instrument, it being my intention to exercise all such powers which I may have at my death)."  The court found this residuary provision to be a sufficient exercise of the power, commenting (at 332) that "the meaning or design of the relevant clause of the [donee's] will sufficiently matches any requirement of the [donor's] trust instrument.  That instrument calls for a 'reference' to the power, *not a specific reference,* and we think . . . that the residuary clause of the will is an adequate reference although it is inclusive of any power created by any instrument in the donee's favor" (emphasis supplied). Referring to *Shine* v. *Monahan,* the court said (at 333): "We thought that there need not be exact compliance with the formality indicated by the donor where the approximation would satisfy his basic purpose.  Less indulgence may be needed in the present case because the donor did not in terms require a specific reference."  These excerpts from the *McKelvy* case imply the special nature of a specific reference requirement and emphasize that compliance with such a requirement cannot be easily circumvented.

These principles and decisions provide the guidelines necessary to dispose of this case. The general testamentary power of appointment granted to Dorothy by Mary's will expressly required that it be exercised by Dorothy's will "specifically referring to the power." The critical inquiry is "not whether [the] donee intended to appoint but rather whether [the] donee *manifested* her intent in the manner prescribed by [the] donor, *i.e.*, by making specific reference 'in her will' to the power granted by [the] donor's will" (emphasis original). *Holzbach* v. *United Virginia Bank*, 216 Va. 482, 485-486 (1975). See also Restatement (Second) of Property, *supra*, § 17.1. Unlike the situations in the *Shine* and *McKelvy* cases, the residuary clause of Dorothy's will made no reference at all to any power. Lacking any attempt at compliance with the requirement of specific reference, there is simply no testamentary framework which will allow application of a rule of approximation. We conclude that Dorothy's will fails to exercise the power of appointment given to her by her mother.[3]

2. Some brief comment is in order on the plaintiff's several arguments seeking to avoid the conclusion that there has been a default in the exercise of the power.

(a) The plaintiff's reliance on the decision in *Amory* v. *Meredith*, 7 Allen 397 (1863), is misplaced. The rule in *Amory* provides that a general testamentary power of appointment will be deemed to have been exercised by a general residuary clause in the donee's will, unless a contrary intention is demonstrated. The rule does not apply where the donor requires that the power be exercised by

---

[3] This conclusion receives solid support in decisions of other States which have considered specific reference clauses in contexts like the one before us. See *Estate of Eddy*, 134 Cal. App.3d 292, 300 (1982); *Estate of Smith*, 41 Colo. App. 366, 368 (1978); *Talcott* v. *Talcott*, 423 So.2d 951, 955-956 (Fla. Dist. Ct. App. 1982); *Leidy Chemicals Foundation, Inc.* v. *First Natl. Bank*, 276 Md. 689, 691-697 (1976); *Estate of Gilchrest*, 95 Misc.2d 873, 874-875 (N.Y. Sur. Ct. 1978); *Estate of Schede*, 426 Pa. 93, 97 (1967); *First Natl. Bank* v. *Walker*, 607 S.W.2d 469, 474-475 (Tenn. 1980); *Holzbach* v. *United Virginia Bank, supra*.

means of specific reference.[4]  See *McKelvy* v. *Terry,* 370 Mass. at 331-332.  See also *National Shawmut Bank* v. *Joy,* 315 Mass. at 462.

(b)  The fact that Dorothy's will includes several pecuniary bequests which in total may have exceeded her assets at the time of death does not, in these circumstances, imply that the power has been exercised by implication.  See *Boston Safe Deposit & Trust Co.* v. *Prindle,* 290 Mass. 577, 584 (1935).

(c)  The plaintiff's argument that property subject to a donee's general power is actually the donee's property is misplaced.  Mary's will clearly did not grant a general power of appointment exercisable without restriction.  We find the plaintiff's assertion to the contrary both untenable on the facts and unsupported by any authority dealing with a requirement of specific reference.[5]

---

[4] The rule in *Amory* was superseded by what is now G.L. c. 191, § 1A(4), inserted by St. 1976, c. 515, § 4, and made applicable to all wills executed on or after January 1, 1978.  That statute provided and (as appearing in St. 1977, c. 637, § 1) still provides:  "No general residuary clause in a will and no will making general disposition of all of the testator's property shall exercise a power of appointment created by another instrument which does not specify a specific method of exercise unless reference is made to powers of appointment or there is some other indication of intention to exercise the power."  Since Dorothy executed her will on May 6, 1977, G.L. c. 191, § 1A(4), would appear to have no application to this case.  Nevertheless, it is worth noting that the statute pays attention to references in the instrument which require a specific method of exercise.  The statute indicates that such references are not to be brushed aside on vague assertions of the donee's true intentions.

[5] The relevant decisions in the Commonwealth apparently indicate that the property over which a donee has a general power becomes the donee's property only after the donee has actually exercised the power.  For example, it has consistently been held that "where a person has a general power of appointment and exercises it the appointed property becomes available to his creditors.  This is upon the theory that he could have appointed it to himself or his executors or otherwise could have devoted it to the payments of his debts, and therefore that the creditors have an equitable right to reach it."  *Prescott* v. *Wordell,* 319 Mass. 118, 120 (1946), and cases cited.  See, e.g., *Curtis* v. *Commissioner of Corps. & Taxn.,* 340 Mass. 169, 171 (1959); *State Street Bank & Trust Co.* v. *Reiser,* 7 Mass. App. Ct. 633, 637 (1979).  See also 2 Newhall, Settlement of Estates § 369 (1958).

(d)  While the testimony of Mr. Schwartz may have been properly admitted to show the circumstances attendant upon the execution of Dorothy's will, see 2 Newhall, Settlement of Estates § 361, at 470 (1958), the pertinent texts of the wills of Mary and Dorothy, when laid side by side and read together, manifest no ambiguity.  Extrinsic evidence is not admissible to contradict or control unambiguous language in a will.  See *Gustafson* v. *Svenson*, 373 Mass. 273, 275 (1977); *Gove* v. *Hammond*, 385 Mass. 1001, 1001-1002 (1982).  Nor is it admissible to correct an inadvertent omission by Dorothy or a mistake by the attorney who drafted the will.[6]  See *Gustafson* and *Gove, supra*.  Finally, extrinsic evidence, in the absence of an ambiguity, is not admissible to show Dorothy's intent, even if the result is the failure of the intended gift.  *Ibid.*  See also *First Natl. Bank* v. *Shawmut Bank of Boston*, 378 Mass. 137, 144 (1979).  See generally Liacos, Handbook of Massachusetts Evidence at 390-392 (5th ed. 1981 & Supp. 1983).

*Judgment affirmed.*

---

[6] For the responsibilities of the attorney drafting a will involving the exercise of a power of appointment, see the discussion in Restatement (Second) of Property, *supra*, § 17.1 comment a.