## CIRCUIT COURT OF ARLINGTON COUNTY

Guarino et al.

v.

Fish et al.

July 12, 1988

Case No. (Chancery) 87-575

By JUDGE BENJAMIN N. A. KENDRICK

This matter came before me March 18, 1988, on Defendant's Motion for Partial Summary Judgment. The primary issue before me was whether or not the language contained in the codicil of Kathryn Peterson is sufficient to exercise the power of appointment given to her in the trust instrument created by her late husband Clarence Peterson. Although originally contested, it has since been agreed by counsel that Massachusetts law should control the outcome to this question.

Since the date of the oral hearing an additional issue was raised for the Court's consideration, to wit: Whether Massachusetts law or Virginia law should be applied to determine the validity of the execution of Kathryn Peterson's codicil. That is, which state's laws should be looked to in determining whether or not the formal requirements were met when the codicil was written. I will first address this remaining choice of laws question and then make judgment on the central issue of whether or not, under the laws of Massachusetts, the power has been effectively exercised.

It is uncontested that Kathryn Peterson was a domiciliary of Virginia when she passed away. It is also uncontested that her will and codicil were properly filed for probate

with the Clerk of the Arlington Circuit Court. Finally, it is uncontested that the property in question, namely money held in trust, is in the nature of personalty rather than realty. Given each of these uncontested facts, it is my judgment that the law of Virginia controls all questions relating to the execution of the will and codicil. The authorities cited by the Defendants on this issue in their reply memorandum are squarely on point. *See, e.g., Rinker v. Trout,* 171 Va. 327 (1938), and the many cases cited under 16 Am. Jur. 2d *Conflict of Laws,* Section 55 (1979). Petitioner's reliance on the case of *Beals v. State Street Bank and Trust Company,* 326 N.E.2d 896 (Mass. 1975), is misplaced for the issue of formalities required in a testamentary document were not there addressed. Rather, *Beals* stands as support for the proposition that the law of the state where a trust was administered should control the question of whether or not the donee of a power of appointment properly exercised such power. From the face of the copy of the codicil contained in the court file, it would seem that the laws of Virginia regarding the execution of a holographic instrument have been complied with.

I turn now to the central issue in the case: Whether or not, under Massachusetts law, Kathryn Peterson's codicil effectively exercised the power of appointment given her by the trust instrument alluded to above. The issue is a very close one.

The power of appointment that Clarence Peterson gave to his wife is contained in Article Fourth, section two, of the "Clarence I. Peterson Revocable Trust - 1972." The pertinent portion of that article provides:

> Unless sooner terminated by payments of principal as hereinabove provided, the marital trust shall terminate upon the death of the Donor's said wife, whereupon the Trustee shall transfer and pay over to said wife's estate all accrued and accumulated income and shall transfer and pay over the principal then remaining, of said trust *as the Donor's said wife shall have appointed by will executed after the Donor's death, making specific reference to the power hereby created,* with the right in her discretion to

appoint to her estate or any other person or persons without limitation, upon any terms, condition, limitations and trusts, including the right to create new powers of appointment, and in default of such appointment or to the extent that said remaining principal is not effectively appointed, the Trustee shall add said remaining principal to the principal of the family trust established pursuant to the provisions of Article FIFTH of this instrument . . . (emphasis added).

The codicil of Kathryn Peterson, in its entirety, reads:

Addendum - December 12, 1983

From the marital trust left to me by my late husband Clarence Iles Peterson, I leave the following:

> Nancy Peterson - $2,000.00
> Dorothy Peterson - $1,000.00
> Martha Gouin - $10,000.00
> Marilyn Guarino - $2,000.00
> Elizabeth Gibbon - $1,000.00
> Ida Louise Carothers - $500.00
> Betty King - $500.00
> Edward J. McCullough, Jr. - the
>       remainder of the trust.

> 12/12/83   Kathryn M. Peterson
>       Maureen Butler - witness
>       Karen McCullough - witness

The two critical passages, then, which must be examined to resolve the issue are, from the trust: "as the Donor's said wife shall have appointed by will executed after the Donor's death, making specific reference to the power hereby created" and, from the codicil: "From the marital trust left to me by my late husband Clarence Iles Peterson, I leave the following:" A plain reading of these two passages reflects that Kathryn Peterson did not follow her husband's direction to make specific reference to

the power he had bestowed upon her. In fact, she made no reference to any power at all. Instead, Kathryn chose to identify the property over which she held a power to appoint and named the person, her husband, who had created the power. In many states this failure to scrupulously abide by the directives of the donor would cause, without serious debate, the power to go unexercised. Massachusetts' law, which, as noted above, governs this issue, has seen fit to adopt a more liberal standard in judging cases involving powers of appointment.

Regarding powers of appointment and the issue of effective exercise, the courts of Massachusetts have seen fit to adopt what has become known as a "rule of approximation." This rule was best described in the case of *Schwartz v. Baybank Merrimack Valley, N.A.*, 456 N.E.2d 1141 (Mass. 1983), wherein the Court, after noting the general rule of following the formalities set forth by the donor, said, "Failure to satisfy the formal requirements imposed by a donor will not cause the appointment to fail if the donee's action reasonably approximates the prescribed manner of appointment." *Id.* at 1143. Applied to the facts at bar the rule can be translated into the narrow inquiry: Did Kathryn Peterson's action, as manifested by the language in her codicil reasonably approximate the manner of appointment prescribed by Clarence Peterson in his revocable trust? In making no reference whatsoever to the power she held, I do not believe that it has. In a case such as this one, where the donor requires *specific reference* to the power he has created and the donee makes no reference at all to the power, there can be no valid exercise of the power notwithstanding the fact the donee has identified the donor and, for argument's sake, aptly identified the instrument creating the power. It is my judgment that the rule of approximation, as adopted and applied by the courts of Massachusetts, would not countenance an opposite result.

In reaching this conclusion I place great weight on what I discern as a special emphasis the courts of Massachusetts have placed in their cases on specific reference requirements. *See Shine v. Monahan*, 241 N.E.2d 854, 855 (1968), *McKelvey v. Terry*, 346 N.E.2d 912, 915, and *Schwartz, supra*, at 1144-45. Each of these cases reflect the special nature to be accorded the donor's

intent when he requires his donee to make specific reference to the power he has bestowed. As the Schwartz court stressed, in evaluating the McKelvey decision, "compliance with such a requirement (making specific reference) cannot be easily circumvented." *Id*. at 1145. As was said in *Schwartz*:

> The reasons behind these rules are simple enough to discern. The donor of the power presumptively intends by the specific reference requirement that the donee (a) focus on the consequence of the appointive act and consider the donor's wish with respect to the trust remainder if there is a default in exercise of the power, and (b) make an unambiguous written statement expressing a wish to exercise the power. With proper compliance, the specific reference device provides for the reasoned disposition of property by means of written and proven instruments which help to establish an unimpeachable record of title and serve to discourage unnecessary litigation.

*Id*. at 1144. When he requires the donee to make a specific reference to the power the donor intends the power to be exercised in a careful and thoughtful manner. An alternative is set up by the donor should the donee not follow his guidelines. It is my judgment that a thoughtful consideration of exercising the power to appoint is absent in a specific reference requirement situation when the donee makes no mention at all of any power to appoint.

For the foregoing reasons the Defendant's Motion for Partial Summary Judgment is denied. I find that the codicil executed by Kathryn Peterson is insufficient, as a matter of law, to exercise the power of appointment granted her through the trust instrument created by Clarence Peterson.