## ADOPTION OF THOMAS.

Berkshire. May 8, 1990. - September 25, 1990.

Present: LIACOS, C.J., WILKINS, ABRAMS, NOLAN, & O'CONNOR, JJ.

*Probate Court*, Report. *Adoption*, Parent's consent. *Parent and Child*, Adoption. *Minor*, Guardian ad litem.

In an adoption proceeding, the parent of the child may consent to the adoption pursuant to G.L. c. 210, § 2, notwithstanding the parent's minority. [449]

In an adoption proceeding, the filing of a minor parent's consent in accordance with G. L. c. 210, § 2, does not prohibit the judge from requiring evidence concerning the maturity and understanding of the minor parent at the time of the consent and concerning the voluntariness of the minor parent's consent. [449-451]

In an adoption proceeding, the execution of a minor parent's consent form in accordance with G. L. c. 210, § 2, does not prohibit the judge from appointing a guardian ad litem to protect the minor parent's interests. [451-452]

The consent of a minor parent to the adoption of her child is not invalid solely because it was acknowledged before a notary public who was also an employee of the adoption agency to which the child was being surrendered. [452]

PETITION filed in the Berkshire Division of the Probate and Family Court Department on November 27, 1989.

The case was heard by *Andrea F. Nuciforo*, J., and questions of law were reported by him to the Appeals Court. The Supreme Judicial Court transferred the case on its own initiative.

*David O. Burbank* for the petitioners.

*Arnold Rosenfeld & Jinanne S. J. Elder*, for Committee for Public Counsel Services, amicus curiae, submitted a brief.

O'CONNOR, J. The child, who is the subject of this action, was born on May 14, 1989. Nine days later, his unmarried parents signed a form stating that they "voluntarily and unconditionally surrender[ed]" their child to the Berkshire Center for Families and Children, Inc. (agency), for the purpose of allowing the agency to find adoptive parents. See G. L. c. 210, § 2 (1988 ed.). The mother was fourteen years old, an eighth grade student, and was living with her parents, who witnessed her execution of the consent and surrender form. The child's father was fifteen years old and was a ninth grade student domiciled with his parents but residing in a juvenile detention home. The father's mother and an employee of the agency witnessed his execution of the consent form. The notary public before whom the consent forms were acknowledged was an employee of the agency. The agency placed the child with the petitioners in this action shortly after the surrender forms were executed and notarized.

This case was initiated by the filing of a petition for adoption in the Berkshire Probate and Family Court (Probate Court). The petitioners subsequently moved that a "decree of adoption" be entered. After a hearing, a judge concluded that certain questions, together with his answers, should be reviewed by the Appeals Court before further proceedings in the Probate Court. Accordingly, the judge "reserve[d] and report[ed] this matter pursuant to G. L. Chapter 215, Section 13." The biological parents have not appeared at any time in these proceedings.

The judge reported the following questions and answers: "Question # 1: Can a minor parent consent to the adoption of his/her child?

"The Trial Court rules that such parent can so consent.
"Question # 2: If the answer to the foregoing question is in the affirmative, does the filing of a consent of a minor parent, executed, acknowledged and witnessed in accordance with G. L. Chapter 210, Section 2, prohibit the Trial Court from requiring:

"1] evidence concerning the maturity and understanding of the minor parent at the time of the consent and/or the voluntariness of the consent, or

"2] the imposition of safeguards, such as the appointment of a guardian ad litem, to protect the interests of the minor parent?

"The Trial Court rules that it does not.

"Question # 3: Is the 'consent' of a minor parent defective if the notary public before whom the consent is acknowledged is also an employee of the adoption agency to which the child is being surrendered?

"The Trial Court rules that it is."

We transferred this case from the Appeals Court on our own initiative.[1] We rule that the report is not properly before us and, therefore, discharge it. Under G. L. c. 215, § 13 (1988 ed.), the source of authority relied on by the judge, a judge of the Probate Court may report a case to the Appeals Court only in two situations, *Paquette* v. *Koscotas*, 12 Mass. App. Ct. 52, 54-55 (1981), neither of which obtains here. The first sentence of § 13 provides for a report of an entire case in such a form that "this court can enter or order the entry of a final decree disposing of the case." *Dorfman* v. *Allen*, 386 Mass. 136, 138 (1982), quoting *Curran, petitioner*, 314 Mass. 91, 94 (1943). The second sentence, on which the judge appears to have relied, provides that, "if, upon making an interlocutory judgment, decree or order, [the judge] is of opinion that it so affects the merits of the controversy that the matter ought, before further proceedings, to be determined by the appeals court, he may report the question for that purpose, and stay all further proceedings." However, the judge did not make an interlocutory judgment, decree, or order. Discharge of the report, therefore, is required. *Dorfman* v. *Allen, supra*. See *Heck* v. *Commonwealth*, 397 Mass. 336, 338-339 (1986) (defective report under G. L. c. 231, § 111, must be discharged). Nonetheless,

---

[1] We acknowledge the brief filed in this court by the Committee for Public Counsel Services as amicus curiae.

it is at least arguable that Mass. R. Civ. P. 64, 365 Mass. 831 (1974), would authorize the report, and the issues have been fully briefed. We believe the public interest would be best served by our answering the questions posed, see *Dorfman* v. *Allen,* *supra*, and cases cited, and therefore we do so.

The first reported question is whether, as a matter of law, a minor parent may consent to the adoption of his or her child. General Laws c. 210, § 2, requires only the consent of the mother when the child was "born out of wedlock and not previously adopted," as is the case here, but the reported question appears to assume, as do we without deciding the matter, that the father's consent may be required as well.

Chapter 210, § 2, places no express limitations on the age of a consenting parent. Furthermore, c. 210 as a whole implies a legislative intent that there should be no such limitation. Section 2 provides that a court may not approve the adoption of any child who is above the age of twelve without that child's consent, and §§ 1, 3, and 5A address the issue of the age of either the adopted child or the adopting parent. Thus, the Legislature was alert to the matter of age limitations, and provided them where they were intended, but refrained from requiring a parent to have attained a specified age in order to give effective consent to adoption. Nor is there any public policy that would suggest the wisdom of such a limitation. In fact, prohibiting a minor parent from consenting to the adoption of his or her child would no doubt, at times, not be in the best interest of the parent or the child. Thus, we agree with the judge that the answer to the first question is that a minor parent can consent to the adoption of his or her child.

The second reported question has two parts. The question first asks whether the filing of a minor parent's consent in accordance with c. 210, § 2, prohibits a judge of the Probate Court from requiring evidence concerning the maturity and understanding of the minor parent at the time of the consent and concerning the voluntariness of the minor parent's consent. We answer Question 2, part one, "No; the filing of a minor's consent does not prohibit the judge from requiring

such evidence." The second part of the second question in- quires whether the filing of a minor parent's consent prohib- its the judge from requiring "the imposition of safeguards, such as the appointment of a guardian ad litem, to protect the interests of the minor parent." We answer only with re- spect to the appointment of a guardian ad litem, and our an- swer is that the filing of a minor parent's consent does not prohibit the appointment of a guardian ad litem to protect the interests of the minor parent.

Chapter 210, § 2, provides the form a required written consent must take, including a requirement that the form must state in capital letters: "I UNDERSTAND THAT THIS SURRENDER IS FINAL AND CANNOT BE RE- VOKED." Section 2 also requires that the consent "be at- tested and subscribed before a notary public in the presence of two competent witnesses, one of whom shall be selected by [the mother]." The notary public must attest that the person whose consent is required "acknowledged to me that (he, she) executed the [surrender] as (his, her) free act and deed, fully cognizant of its irrevocability." Finally, § 2 provides that "[a] consent executed in accordance with the provisions of this section shall be final and irrevocable from date of execution."

The written surrenders submitted by the minor parents in this case conformed to the express procedural requirements of § 2. The petitioners argue that, therefore, by the express terms of the statute the parents' consents are final and irrev- ocable, and any evidence concerning their maturity and un- derstanding and the voluntariness of their consent would be irrelevant. We do not agree. For an expression of consent to be effective, it must have been given voluntarily and on the basis of a full understanding of the facts necessary to the consent. See *Surrender of Minor Children*, 344 Mass. 230, 234 (1962) (only way to withdraw consent to an adoption that was given with full understanding of all necessary facts is to secure the permission of a probate judge); *Wyness v. Crowley*, 292 Mass. 461, 464 (1935) (consent given under c. 210 cannot be withdrawn when the consent was submitted

voluntarily and with a full understanding); *Surrender of a Minor Child*, 1 Mass. App. Ct. 256, 261-262 (1973) (same). We are confident that the Legislature, in enacting c. 210, § 2, could not have intended otherwise.

It cannot reasonably be thought that the Legislature intended to deprive the Probate Court of the means to ensure that a required expression of consent to an adoption was made voluntarily and with a full understanding of the relevant considerations. Reasonably construed, the provision in G. L. c. 210, § 2, with respect to the finality and irrevocability of a required consent means only that a knowing and uncoerced expression of consent in the statutory form and attended by the statutory procedures shall be final and irrevocable.

To hold otherwise would be to reduce the approval task of the Probate Court judge to that of a rubber stamp, requiring him or her to accept as valid and binding any notarized surrender even though it may have been obtained by fraud, duress, or mistake. This would be inconsistent not only with the broad protective jurisdiction of the Probate Court, see *Petition of the New Bedford Child & Family Serv. to Dispense with Consent to Adoption*, 385 Mass. 482, 486-487 (1982), but also with the statutory scheme for adoption, which clearly contemplates a more active judicial role. See, e.g., G. L. c. 210, §§ 3, 6. We conclude, therefore, that a trial judge has the authority to require sua sponte the presentation of evidence on the issue of the validity of a minor parent's consent. Of course, in taking such evidence, a trial judge should take steps to preserve the privacy and confidentiality of those whose consent is required. See G. L. c. 210, § 2.

We turn our attention to the second part of the second question reported by the judge, that is, is the trial judge prohibited by the execution of a minor's consent form in accordance with c. 210, § 2, from imposing "safeguards, such as the appointment of a guardian ad litem, to protect the interests of the minor parent." Given the posture of this case, in which the Probate Court judge has not yet acted, we decline

to speculate on what safeguards, other than a guardian ad litem, might be imposed.

The Probate Court is vested with the inherent power to appoint a guardian ad litem whenever it believes that such an appointment is necessary for the protection of the interests of a person in a proceeding before it. *Superintendent of Belchertown State School* v. *Saikewicz,* 373 Mass. 728, 755 (1977). Rule 5 of the Rules of the Probate Court (1990). If a Probate Court judge decides to conduct an inquiry into the validity of a minor parent's consent to adoption, a decision to appoint a guardian ad litem to protect the minor parent's interests clearly would be within the bounds of the judge's authority. Our answer to Question 2, part 2, is, "No; the filing of a minor parent's consent does not prohibit the judge from appointing a guardian ad litem to protect the minor parent's interests."

Finally, we consider Question 3, which asks: "Is the 'consent' of a minor parent defective if the notary public before whom the consent is acknowledged is also an employee of the adoption agency to which the child is being surrendered?" We recognize that in a given case the fact that the notary public is an employee of the adoption agency, which is arguably an interested party, might have bearing on the question whether the parent's consent was informed and voluntary. Nevertheless, there is nothing in c. 210, § 2, to suggest that an employee of the adoption agency to which the child is being surrendered may not serve as notary public, and there are no such restrictions expressed or implied in the relevant statutes pertaining to acknowledgments by notaries public. See G. L. c. 222, § 1 (1988 ed.); G. L. c. 183, § 30 (1988 ed.). Compare *United States Fidelity & Guar. Co.* v. *English Constr. Co.,* 303 Mass. 105, 111 (1939) and *McDonald* v. *Willis,* 143 Mass. 452 (1887), with *Judd* v. *Tryon,* 131 Mass. 345, 347 (1881), and cases cited. Thus, we answer Question 3, "No; the minor's consent is not defective simply because it was acknowledged before a notary public who was also an employee of the adoption agency to which the child was being surrendered."

Our answers to the reported questions are: (1) a minor parent can consent to the adoption of his or her child; (2) the Probate Court is not prohibited by the filing of a consent in accordance with c. 210, § 2, from taking evidence concerning the maturity and understanding of the minor parent at the time of the consent and the voluntariness of the consent, or from appointing a guardian ad litem to protect the interests of the minor parent; and (3) the consent of a minor parent is not defective solely because the notary public before whom the consent is acknowledged is also an employee of the adoption agency to which the child is being surrendered.

*Report discharged.*