GARY A. ELLIS *vs.* DELORES B. ELLIS. August 13, 1992. *Divorce and Separation*, Child custody. *Practice, Civil*, Report.

A judge in the Probate and Family Court Department granted the plaintiff a divorce nisi, and temporarily ordered that the Department of Social Services would take legal custody of the defendant mother's child. In a memorandum of decision, the judge found the following facts bearing on questions of custody, visitation, and child support. The parties were married on January 23, 1988. The defendant mother gave birth one month later. The child is named after the plaintiff's grandfather. The plaintiff was present at the birth and is named as the father on the child's birth certificate. However, the parties stipulated that the plaintiff is not the child's biological father and, in fact, the plaintiff did not know the defendant at the probable time of conception. Without finding facts or issuing any orders other than the order of temporary legal custody, the judge reserved and reported to the Appeals Court under G. L. c. 215, § 13 (1990 ed.), the following question: "Can [a Probate and Family Court judge] under cur-

rent Massachusetts statutes and case law award custody or visits to a non-biological[ly related] plaintiff who arguably established a bond with a child born during the plaintiff's marriage to the biological mother, assuming for the sake of argument that the plaintiff can establish that custody or visits in or with him are in the child's best interest?"

General Laws c. 215, § 13 (1990), provides: "A judge of the probate court by whom a case or matter is heard for final determination may reserve and report the evidence and all questions of law therein for consideration of the appeals court, and thereupon like proceedings shall be had as upon appeal. And if, upon making an interlocutory judgment, decree or order, he is of opinion that it so affects the merits of the controversy that the matter ought, before further proceedings, to be determined by the appeals court, he may report the question for that purpose, and stay all further proceedings except such as are necessary to preserve the rights of the parties." This statute is the sole source of authority under which the judge reserved and reported this case, *Matter of Jones*, 379 Mass. 826, 828 n.2 (1980), and it authorizes a report in only two situations, neither of which obtains here. See *Adoption of Thomas*, 408 Mass. 446, 448 (1990). See also Mass. R. Civ. P. 64, 365 Mass. 831 (1974).

The judge did not rely on the second sentence of § 13. His only interlocutory order, awarding temporary custody of the child to the Department of Social Services, is not an order that "so affects the merits of the controversy that the matter ought, before further proceedings, to be determined by the appeals court." The decision to give temporary custody to the department had nothing to do with whether the judge can ultimately award custody to the plaintiff.

The judge appears to have relied on the first sentence of § 13, which "provides for a report of an entire case in such form that 'this court can enter or order the entry of a final decree disposing of the case.'" *Adoption of Thomas, supra,* quoting *Dorfman* v. *Allen*, 386 Mass. 136, 138 (1982). The judge reported some facts and a question, but he did not report the entire case in a form that permits this court to order the entry of a final decree. Numerous facts, critical to a proper determination of a final decree, such as the defendant's parental fitness and the child's needs, have not been established.

*Report discharged.*

*Rosemarie Haigazian* for Gary A. Ellis.
*Albert B. Maggio, Jr.,* for Delores B. Ellis.